# 2000 DTA 120

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN**

NANCY LAMADRID ALVAREZ Y OTROS
Demandantes-Apelantes

v.

JOSE BENITEZ MARTINEZ Y OTROS
Demandados-Apelados

Núm. KLAN-99-01312

San Juan, Puerto Rico, a 29 de febrero de 2000

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano,
la Juez Feliciano Acevedo y el Juez Aponte Jiménez

Aponte Jiménez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

La señora Nancy Lamadrid Alvarez, su esposo y la Sociedad Legal de Gananciales compuesta por ambos, *("apelantes")*, nos solicitan que dejemos sin efecto una sentencia del Tribunal de Primera Instancia, Sala Superior, mediante la cual dicho foro acogió las solicitudes de sentencia sumaria sometidas por los demandados José Benítez Martínez, su esposa Lilliana Berríos Gutiérrez, la Sociedad Legal de Gananciales compuesta por ambos, y Doral Mortgage Corporation, parte apelada. Como resultado de la misma, desestimó totalmente los casos consolidados KAC97-0727 y KAC98-0213 y condenó a los apelantes a pagar costas, gastos y la suma de $5,500 en honorarios de abogado; cuatro mil ($4,000) para los codemandados José Benítez Martínez y Lilliana Berríos Umpierre y mil quinientos ($1,500) para Doral Mortgage Corp.

Insatisfechos, acuden ante este Foro. Imputan al tribunal de instancia haber incidido al señalar que la co-apelante Nancy Lamadrid Alvarez no tiene derecho al retracto de comuneros e imponerle una suma excesiva de honorarios. ■ Atendido el recurso ante nuestra consideración y a la luz de los fundamentos que a continuación esbozamos, acordamos confirmar la sentencia apelada en todos sus extremos.

De nuestro expediente se desprende que el presente caso tiene su génesis en el litigio sobre liquidación de bienes hereditarios suscitado entre Ernesto y Lillian Alvarez Lazzarini contra la co-apelante Nancy Lamadrid Alvarez y su hermana Teresa Lamadrid Alvarez. En ese procedimiento, los demandantes alegaron que, según el testamento otorgado por su hermana Delia E. Alvarez Lazzarini, madre de las demandadas, ellos eran herederos en el tercio de libre disposición en el caudal de dicha causante. Adujeron, asimismo, que las partes no habían llegado a un acuerdo en cuanto a la división de la herencia, por lo que solicitaban que el tribunal resolviera dicha problemática. Las aquí demandantes-apelantes contestaron tal demanda. Esencialmente, negaron lo alegado. También expusieron como defensa afirmativa y como reconvención que el testamento era nulo e inexistente. ■

Posteriormente, el foro de instancia ordenó la venta de un bien inmueble perteneciente al caudal hereditario. En ese momento, la co-apelante, Nancy Lamadrid Alvarez, recurrió ante este Foro. Cuestionó la validez de esa orden (Caso Núm. KLCE-96-0965). Una Tríada de este Tribunal ■ resolvió que debido a las múltiples ocasiones en que se consideró la petición para vender el aludido inmueble sin que dicha co-apelante o su representante legal se opusieran a la misma, la doctrina de los actos propios le impedía cuestionarla. Dictaminó que por su conducta consintió a que se procediera con la venta. En relación con el planteamiento de ésta en el sentido de que tenía derecho al retracto legal, se le señaló que esa acción era prematura porque ello sólo podía darse luego de efectuada una venta de una quota o una participación, evento que aún no había ocurrido.

Denegada la expedición del recurso solicitado, solicitó reconsideración. La misma le fue denegada. Inconforme, recurrió ante el Tribunal Supremo de Puerto Rico. Ese Foro se negó expedir el auto solicitado. Igual suerte recibió la reconsideración sometida.

Finalizado el trámite apelativo, el tribunal de instancia continuó con los procedimientos. Ordenó que se realizara la venta, no obstante la oposición de la co-apelante basada en que la venta era ilegal y le privaba de su derecho de retracto *"como así [lo] expresó el Tribunal de Circuito de Apelaciones"*. ■ Insatisfecha, recurrió nuevamente ante este Foro. Otro Panel ■ denegó tal solicitud, indicándole que esos mismos planteamientos los había hecho en el caso Núm. KLCE-96-00965.

Finalmente, la venta ordenada se llevó a cabo el 11 de julio de 1997 mediante escritura pública. Los apelantes no comparecieron a otorgarla, por lo que un alguacil lo hizo en su nombre, según así lo había ordenado previamente el tribunal de instancia. Los compradores fueron los aquí demandados-apelados José Benítez Martínez, su esposa Lilliana Berríos Gutiérrez y la Sociedad Legal de Gananciales compuesta por ambos. La otra

parte demandada, Doral Mortgage Corporation, brindó el financiamiento para la transacción. Luego de ello, el referido pleito hereditario culminó mediante sentencia de 14 de diciembre de 1998 liquidando y adjudicando las respectivas participaciones hereditarias, de todos los herederos. ██Actualmente, dicha sentencia es final y firme.

Una vez realizada la venta, los apelantes presentaron, el 18 de julio de 1997, una demanda ante el foro *a quo* contra los apelados sobre retracto de comunero para adquirir el bien inmueble vendido. (Civil Núm. KAC97-727). ██ Más tarde, sometieron una demanda sobre nulidad de venta y vicio de consentimiento contra los apelados. (Civil Núm. KAC98-0213). En esta última, adujeron que la venta pública era ilegal porque no se obtuvo su consentimiento; no se cumplió con el requisito de pública subasta exigido en las ventas judiciales, según la Regla 51 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 51; y se les violó el debido procedimiento de ley.

Los apelados contestaron. Negaron las alegaciones medulares de las demandas. En ambas levantaron como defensa, entre otras, la doctrina de cosa juzgada. El tribunal de instancia ordenó la consolidación de los dos casos. Así las cosas, solicitaron que se dictara sentencia sumaria. Los apelantes se opusieron. Se celebró una vista para que las partes argumentaran sus posturas. Posteriormente, se dictó sentencia sumaria a favor de los apelados. El foro *a quo* determinó que la doctrina de cosa juzgada y la de actos propios impedían que se litigara nuevamente la validez de la venta; que el retracto no procedía porque se trataba de una venta consentida por todas las partes, además de que no están presentes los elementos propios de dicha acción; que Doral Mortgage Corporation no tenía responsabilidad alguna en estos pleitos. Por ello, desestimó ambos casos. Adicionalmente, determinó que los apelantes fueron temerarios en la tramitación de todo el asunto en cuestión.

Es de ese dictamen que éstos recurren ante nos. Plantean únicamente que a base de lo resuelto por este Foro en el caso Núm. KLCE-96-00965, expresando que la demanda era prematura porque no se había realizado una venta, fue que presentaron la demanda de retracto, siendo la misma una genuina y correcta, no frívola ni temeraria o para obstaculizar la justicia. Sostienen que de esa forma no procedía desestimarla, ni tampoco la fijación de los honorarios de abogado.

Los apelados se oponen. Plantean básicamente lo expuesto en la sentencia apelada, es decir, que la doctrina de cosa juzgada y sus vertientes de fraccionamiento y de impedimento colateral son aplicables. Argumentan que no se dan los elementos necesarios para la acción de retracto. Afirman que la apelante fue en extremo temeraria. Doral, por su parte, sostiene que no existe deber jurídico alguno que le imponga responsabilidad. Evaluados los argumentos y planteamientos de las partes, procede confirmar el dictamen apelado en todos sus extremos.

Debemos comenzar por señalar que el concepto jurídico de cosa juzgada tiene su base estatutaria en el Art. 1204 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3343. El mismo dispone, en lo aquí pertinente, que:

*"Contra la presunción de que la cosa juzgada es verdad, sólo será eficaz la sentencia ganada en juicio de revisión.*

*Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad en que lo fueron.*

*..."*.

La figura tiene el efecto de evitar que en un pleito posterior se litiguen cuestiones que ya fueron o que pudieron haber sido litigadas y adjudicadas en un pleito anterior. La misma *"está fundada en consideraciones de orden público y de necesidad"*. *Rodríguez Rodríguez v. Colbera Comas*, 131 D.P.R. 212 (1992); *MP Gen. Contractors v. Asoc. Caná*, 110 D.P.R. 753 (1981). Para su aplicación se requiere por definición que exista entre el pleito ya resuelto y el caso donde dicha defensa se levanta, *"la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad en que lo fueron"*. Art. 1204 del Código Civil, *supra*; *Aponte Caratini v. Román Torres;* **98 J.T.S. 54.**██

185

Sobre el concepto de la cosa u objeto, el mismo *"responde básicamente al objeto o materia sobre la cual se ejercita la acción. Se ha expresado que un criterio certero para determinar la identidad del objeto es el siguiente: si un juez está expuesto a contradecir una decisión anterior afirmando un derecho nacido o naciente, hay identidad de objeto y cosa juzgada"*. *Lausell Marxuach v. Díaz de Yáñez*, 103 D.P.R. 5331 535 (1975).

La palabra causa significa el fundamento capital, el origen de las acciones o excepciones planteadas y resueltas. No debe confundirse con los medios de prueba, ni con los fundamentos legales de las pretensiones deducidas por las partes. *Mercado Riera v. Mercado Riera*, 100 D.P.R. 940, 951 (1972). *En A & P Gen. Contractors v. Asoc. Caná, supra*, pág. 765, el Tribunal Supremo expuso lo siguiente sobre el concepto de la causa:

*"...la diversidad de acciones no impide la estimación de la cosa juzgada cuando la razón y causa de pedir es la misma en una y otra, y por tanto, no es el nombre ni la naturaleza, declarativa o constitutiva, la que pueda impedir identidad de la causa pretendida, sino que en este respecto la decisión es si los hechos y fundamentos de las peticiones son los mismos en lo que afecta a la cuestión planteada."*

El requisito de identidad de los litigantes y la calidad en que litigan, se cumple en los casos que se invoca contra quien fue parte original en el pleito anterior o se encuentra en relación mutua o de solidaridad con otra que lo fue y actúan en idéntica calidad o representación. *Rodríguez Rodríguez v. Colberg Comas, supra*, pág. 220. Se entiende que existe identidad de personas, siempre que los litigantes del segundo pleito sean causahabientes de los que contendieron en el pleito anterior o estén unidos a ellos por vínculos de solidaridad.

Una vertiente de la cosa juzgada, la doctrina de impedimento colateral por sentencia, impide que se litigue en un pleito posterior cualquier cuestión de hecho, y a veces de derecho, que haya sido realmente litigada en los méritos y adjudicada en un pleito anterior entre las mismas partes, aunque se trate de una reclamación distinta. *Riera v. Pizá*, 85 D.P.R. 268, 275 (1962). En otras palabras, *"opera cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final ... [Y] tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas"*. *Fatach v. Seguros Triple S, Inc.*, **99 J.T.S. 461**, pág. 807; *A & P Gen. Contractors v. Asoc. Caná, supra*, pág. 762. La diferencia entre el impedimento colateral por sentencia y la cosa juzgada, estriba en que la aplicación de la primera no depende de que se configure el requisito de identidad de causas que sí es indispensable para la aplicación de la segunda. *Acevedo v. Western Digital Caribe, Inc.*, **96 J.T.S. 42**, pág. 880; *Worldwide Food Distributors, Inc. v. Colón*, **93 J.T.S. 114**, pág. 10968, nota 4.

En el caso que nos ocupa, apreciamos que en el litigio sobre liquidación de bienes hereditarios se adjudicó el hecho esencial de que los apelantes consintieron a base de sus propios actos, a que se procediera con la venta del inmueble en cuestión. Al día de hoy, dicha determinación es final y firme. Por consiguiente, están impedidos de volver a litigar directa o indirectamente ese hecho. Siendo ello así, es improcedente reclamar ahora, en un pleito posterior, un alegado derecho a retracto sobre tal propiedad. Una vez se dictaminó y adjudicó que todos los miembros de la Sucesión Alvarez Lazzarini accedieron a vender el inmueble, los apelantes no pueden ejercer su derecho al retracto. Por su naturaleza, ambas acciones son incompatibles. Cuando una persona decide vender, demuestra su interés de traspasar la cosa en cuestión, mas sin embargo, cuando decide ejercer el retracto, denota el interés de retener la propiedad. Por tal razón, al ser concluyente el hecho de que los apelantes acordaron vender, conforme la sentencia emitida por este Foro en el caso, están imposibilitados ahora para ejercer el derecho a tenor de la doctrina de impedimento colateral por sentencia.

A tono con lo anterior, actuó correctamente el foro de instancia al desestimar la demanda de retracto mediante el mecanismo procesal de sentencia sumaria. La Regla 36.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.3, establece que para un tribunal pueda dictar una sentencia sumaria debe quedar convencido de la inexistencia de controversia real sustancial sobre todo hecho material y que como cuestión de derecho nada impide dictar sentencia sumaria a favor de la parte promovente. *Rodríguez v. Secretario de Hacienda*, **94 J.T.S. 20.** Ciertamente, en el caso ante nuestra consideración, los hechos esenciales no están en controversia. De igual

forma, al aplicarse la figura de impedimento colateral por sentencia, procede la sentencia sumaria solicitada como cuestión de derecho.

Por otro lado, cabe señalar que con respecto a la desestimación de la demanda basada en la nulidad y vicio de consentimiento (Civil Núm. KAC98-0213), los apelantes no cuestionan ni impugnan la misma en el recurso ante nos. Por ende, no hay necesidad de emitir juicio valorativo alguno sobre tal curso de acción del foro de instancia.

En relación con el planteamiento de que el tribunal sentenciador erró al dictaminar que los apelantes fueron temerarios e imponerle honorarios de abogado, resolvemos que también es inmeritorio.

El concepto temeridad, aunque no está expresamente definido por la Regla 44.1(d) de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 44.1(d), ha sido establecido como *"una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la administración de la justicia. También sujeta al litigante inocente a la ordalía del proceso judicial y lo expone a gastos innecesarios y a la contratación de servicios profesionales, incluyendo abogados, con el gravamen a veces exorbitante para su peculio". Fernández v. San Juan Cement Co., Inc.,* 118 D.P.R. 713, 718 (1987). El propósito principal de autorizar la imposición de honorarios de abogado en casos de temeridad, es la de establecer una penalidad a un litigante perdidoso que por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito. *Id.* La acción que amerita la condena de honorarios de abogado es cualquiera que haga necesario un pleito que se pudo evitar, que lo prolongue innecesariamente o que produzca la necesidad de que otra parte incurra en gestiones evitables. *Velázquez Ortiz v. U.P.R.,* 128 D.P.R 234, 237-238 (1991).

Finalmente, la determinación sobre si una parte ha procedido con temeridad o no, descansa en la sana discreción del tribunal. *Ramírez v. Club Cala de Palmas,* 123 D.P.R. 339, 349 (1989). Claro está, cuando el tribunal determina que una parte actuó con temeridad, entonces es imperativo la condena de honorarios. Regla 44.1(d) de Procedimiento Civil, *supra; Fernández v. San Juan Cement Co., Inc., supra,* pág. 717. Por ello, una vez concedida la partida de honorarios de abogado, la misma no se variará en apelación, a menos que sea excesiva, exigua o constituya un abuso de discreción. *Ramírez v. Club Cala de Palmas, supra,* pág. 350.

Para cuantificar los honorarios por temeridad, se puede tomar en cuenta *"la naturaleza del litigio, las cuestiones de derecho envueltas en el mismo, la cuantía en controversia, el tiempo invertido, los esfuerzos y actividad profesional que hayan tenido que desplegarse, y la habilidad y reputación de los abogados envueltos".* El criterio determinante y crítico será el grado o intensidad de la conducta temeraria o frívola. *Corpak, Art Printing v. Ramallo Brothers,* 125 D.P.R. 724, 738 (1990).

Visto el trámite judicial habido en el caso de autos, a la luz de los parámetros previamente expuestos, es nuestro entender que los apelantes incurrieron en conducta temeraria. Su argumento en el sentido de que la presentación de la demanda de retracto se debió a la expresión de este Foro al resolver el caso Núm. KLCE-96-00965, consistente en que la acción de retracto era prematura, no nos persuade. Debían conocer que su interpretación sobre el lenguaje aludido no era lo contemplado, particularmente cuando se trata de la venta de un inmueble consentida por todos los miembros de la sucesión, según lo determinó el tribunal.

Ahora, aunque le demos el beneficio de la duda en cuanto a lo anterior y aceptemos que sometieron de buena fe la demanda sobre retracto a base de lo resuelto por este Foro, no podemos perder de perspectiva el hecho de que presentaron otro pleito para cuestionar la validez de la venta. Plantearon nuevamente que no habían consentido a la venta, por lo que solicitaban su nulidad. Luego de consolidarse ambos pleitos es que se produce el dictamen apelado y la imposición de honorarios impugnada.

Definitivamente, el asunto levantado en la acción de retracto se resolvió en el pleito sobre liquidación de bienes. Era infundado presentarlo de nuevo. En la medida en que hicieron necesario un litigio que se pudo evitar y obligaron a los apelados a incurrir en gastos innecesarios y a sufrir molestias, en igual grado su conducta fue

temeraria. Conforme a lo anterior, no abusó de su discreción el foro de instancia al imponerle la suma impugnada por concepto de honorarios de abogado. Tampoco se nos ha demostrado en qué forma el foro de instancia no ejerció correctamente su discreción, ni que la cuantía concedida sea excesiva.

Por los fundamentos antes expuestos, resolvemos que no se cometieron los errores señalados, por lo que procede confirmar la sentencia apelada.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General