Maríá Consuelo Rodríguez Rodríguez, et als., demandates y recurridos, *v.* Dr. Wallace A. Colberg Comas y Administración del Fondo de Compensación al Paciente, demandados y peticionarios.

*Número:* CE-89-373 *Resuelto:* 30 de junio de 1992

214

*Waldermar Del Valle López*, abogado del peticionario; *Samuel Gracia Gracia, Arturo Aponte Parés*, abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR ALONSO ALONSO emitió la opinión del Tribunal.

La Sra. María Consuelo Rodríguez Rodríguez y sus hijos, Dr. Eric J., Consuelo y Marta J. Ruiz Rodríguez (los recurridos) presentaron demanda en el foro local contra el Dr. Wallace A. Colberg Comas (peticionario) y la Administración del Fondo de Compensación al Paciente (A.F.C.P.) por alegada mala práctica de la medicina en el diagnóstico y tratamiento de su esposo y padre, Sr. Jesús Ruiz Martínez (el causante), a consecuencia de la cual dicho paciente murió.

Por los mismos hechos, otro de los hijos del causante, Sr. Jesús Ruiz Rodríguez, que es residente del estado de Nueva York instó acción en daños contra el peticionario en el Tribunal de Distrito federal para el Distrito de Puerto Rico. Ese pleito en el foro federal, fundamentado en diversidad de ciudadanía, culminó con un veredicto a favor del Sr. Jesús Ruiz Rodríguez, aunque no se le concedió compensación monetaria alguna.

Fundamentalmente en esa sentencia del Tribunal de Distrito federal los recurridos presentaron en el foro local una solicitud de sentencia sumaria en la que alegaron que el foro federal había adjudicado la negligencia del peticionario, por lo que el foro local debía aplicar la doctrina de impedimento colateral por sentencia (*issue preclusion*).

El foro de instancia dictó sentencia sumaria al aplicar la doctrina de impedimento colateral por sentencia.

Expedido el auto, las partes han comparecido. Denegamos la solicitud de vista oral pedida por los recurridos. Estando en posición de hacerlo, resolvemos.

I

¿Actuó correctamente el foro de instancia al así resolver? Veamos.

Al igual que en la demanda de los recurridos, la instada en el foro federal le imputaba al peticionario negligencia en el tratamiento brindado pero, además, aducía que éste se negó a tratar al causante.

En el foro federal el jurado emitió el siguiente veredicto:

IT IS ORDERED AND ADJUDGED that judgment be and it *is hereby entered in favor of plaintiff* Jesús Ruiz Rodríguez and that plaintiff, Jesús Ruiz Rodríguez, shall take nothing on his complaint. Petición de *certiorari*, Apéndice, pág. 24.

◼ Estamos ante un caso en el que se levanta la aplicación interjurisdiccional de la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia. Como paso previo a cualquier análisis de la aplicación de esta doctrina en este tipo de casos, debemos determinar cuál es la norma de cosa juzgada a ser aplicada: si la federal o la local. En *Díaz Maldonado v. Lacot*, 123 D.P.R. 261, 272 (1989), señalamos al respecto:

La aplicación interjurisdiccional de la doctrina de cosa juzgada y su complemento, la doctrina constitucional de "entera fe y crédito", son áreas del derecho donde no existen normas unitarias. Para determinar la norma de cosa juzgada a aplicar y cuán abarcadora debe de ser su aplicación, cada caso debe ser objeto de cuidadoso análisis, tomando en consideración y ponderando, entre otros, factores tales como: el tipo de acción de que se trata; si la sentencia previa es de un tribunal de jurisdicción limitada; el fundamento jurisdiccional que tiene dicho tribunal para entender en el asunto; el derecho sustantivo resuelto, (*i.e.* si es uno federal o estatal), y el fundamento utilizado para resolver el caso (*i.e.* si fue procesal, sustantivo o una combinación de ambos). Véanse: 18 *Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction* Sec. 4468 (1981); R.C. Casad, *Symposium Preclusion in a Federal System*, 70 Cornell L. Rev. 599–752 (1985). (Énfasis suplido y escolio omitido.)

En nuestra jurisdicción, ello cobra mayor relevancia en vista de nuestro esfuerzo por desarrollar un derecho autóc-

tono (¹) y de la raigambre civilista que en Puerto Rico tiene la doctrina de cosa juzgada.

■ En *Ramos González v. Félix Medina*, 121 D.P.R. 312, 327 (1988), señalamos que:

> Está claramente establecido que cuando la decisión federal se dicta *al amparo de una reclamación o asunto federal*, la norma o doctrina de cosa juzgada que controla el asunto en el Estado, como fuente de ley al respecto, *es la federal*. Esto es así para preservar la supremacía y finalidad de la decisión inicial basada en las leyes del foro que la dictó. (Énfasis suplido.)

■ Sin embargo, ya en *Díaz v. Navieras de P.R.*, 118 D.P.R. 297, 303–304 (1987), habíamos resuelto que:

> En situaciones como la de autos, en que una corte federal dicta sentencia *luego de asumir jurisdicción por diversidad de ciudadanía*, la jurisprudencia mayoritaria se inclina a reconocer que *la doctrina estatal es la que gobierna*. Esta postura se fundamenta en la premisa básica de que la doctrina de cosa juzgada es materia que pertenece al ámbito de derecho sustantivo y, por ende rige. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). ...
>
> Como corolario de este enfoque mayoritario, el mismo razonamiento se utiliza para aplicar la doctrina estatal de cosa juzgada cuando la causa es llevada ante una corte federal —que tiene jurisdicción por diversidad de ciudadanía— y posteriormente se presenta la sentencia allí dictada ante un tribunal estatal....
>
> Suscribimos este enfoque. Esta decisión armoniza con la jurisprudencia del país. Hace años en *Ninlliat v. Suriñach et al.*, 18 D.P.R. 195 (1912), sostuvimos la defensa de cosa juzgada basada en una sentencia previa de la corte federal. (Énfasis suplido y escolios omitidos.)

■ En *Díaz Maldonado v. Lacot*, supra, págs. 272–273, sintetizamos estas normas generales pero aclaramos su alcance al señalar:

---

(¹) Véanse: J. Trías Monge, *El choque de dos culturas jurídicas en Puerto Rico*, Equity Pub. Co., 1991, págs. 335–336; *A & P Gen. Contractors v. Asoc. Caná*, 110 D.P.R. 753, 762 (1981).

Sin embargo, a pesar de existir esta norma general, hay que tener presente que aún en estos casos [refiriéndonos a los que involucran una cuestión federal] la doctrina federal de cosa juzgada no tiene que aplicarse, con todos sus efectos, a todos los posibles detalles del caso.

■ En el presente caso estamos ante la situación en que una corte federal dicta sentencia, luego de asumir jurisdicción *por diversidad de ciudadanía,*[2] la cual se presenta ante el foro local como impedimento colateral a la acción instada en este foro. Gobierna, pues, la doctrina estatal de cosa juzgada. *Díaz v. Navieras de P.R.,* supra.[3]

## II

Aclarado este extremo, veamos si en la situación en autos se cumplen los requisitos de nuestro derecho civil para aplicar la doctrina de cosa juzgada o la de impedimento colateral por sentencia, que es la que hemos reconocido en nuestro acervo jurídico como modalidad de la cosa juzgada. *A & P Gen. Contractors v. Asoc. Caná,* supra.

■ Tanto la doctrina de cosa juzgada como su modalidad de impedimento colateral persiguen como propósitos proteger a los litigantes contra lo que representa defenderse o probar sus reclamaciones en repetidas ocasiones tratándose de la misma controversia; promover la economía judicial y administrativa al evitar litigios innecesarios y evitar decisiones inconsistentes. Véanse: *Pagán Hernández v. U.P.R.,* 107 D.P.R. 720 (1978); *Pereira v. Hernández,* 83 D.P.R. 160 (1961); *Colón v. San Patricio Corporation,* 81

---

[2] Adviértase que en tales casos el foro federal aplica el derecho sustantivo local. 28 U.S.C. sec. 1652; *Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938).

[3] Los demandantes-recurridos en el foro local no podían ser unidos al demandante en el foro federal porque se destruye la diversidad completa (*complete diversity*) necesaria para que la Corte Federal asumiera jurisdicción. 28 U.S.C. sec. 1332; *Strawbridge et al. v. Curtiss et al.,* 2 L.Ed. 435 (1806); C.A. Wright, *The Law of Federal Courts,* 4ta ed., Minnesota, West Publishing Co., 1983, págs. 140–143.

D.P.R. 242 (1959); *A & P Gen. Contractor v. Asoc. Caná,* supra; *Blonder -Iongue v. University Foundation,* 402 U.S. 313 (1971); *Parklane Hosiery Co. v. Shore,* 439 U.S. 322 (1979).

■ En nuestro ordenamiento civil la cosa juzgada está tipificada en el Art. 1204 del Código Civil, 31 L.P.R.A. sec. 3343, y en el Art. 421 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1793.

Nuestra doctrina de cosa juzgada requiere que para darle efecto a la presunción de cosa juzgada en otro pleito exista la más perfecta identidad entre las cosas, las causas, *las personas litigantes y la calidad en que lo fueron en el caso resuelto por la sentencia y aquel en que dicha defensa afirmativa sea invocada. Lausell Marxuach v. Díaz de Yáñez,* 103 D.P.R. 533 (1975); *Pagán Hernández v. U.P.R.,* 107 D.P.R. 107 D.P.R. 720 (1978).

■ Hemos indicado que cuando aplica la doctrina de res judicata el efecto es que:

> ... la sentencia dictada en un pleito anterior impide que se litiguen en un pleito posterior entre *las mismas partes* y sobre la misma causa de acción y cosas, las cuestiones ya litigadas y adjudicadas y aquellas que pudieron haber sido litigadas y adjudicadas con propiedad en la acción anterior. *Pagán Hernández v. U.P.R.,* supra, págs. 732–733.

■ El requisito de identidad de "causa" que requiere el Art. 1204 del Código Civil, *supra,* según ha sido interpretado por J.M. Manresa, *Comentarios al Código Civil Español,* 5ta ed. rev., Madrid, Ed. Reus, 1950, T. VIII, Vol. 2, págs. 237–242, y aceptado por este Tribunal en *Mercado Riera v. Mercado Riera,* 100 D.P.R. 940, 951–952 (1972), significa que:

> Para los efectos de la cosa juzgada, la palabra causa tiene un sentido que no es de razón o motivo de un contrato o acto jurídico. *Significa el fundamento capital, el origen de las acciones o excepciones planteadas y resueltas, y no debe confundirse*

*con los medios de prueba ni con los fundamentos legales de las pretensiones deducidas por las partes.*

Si bien, como antes dijimos, es en general posible el ejercicio sucesivo de diferentes acciones, podrá constituir lo primeramente resuelto cosa juzgada para el segundo pleito, *cuando la nueva acción estuviera como embebida en la primera, o fuese consecuencia inseparable de la misma*: así, desestimada la petición de un supuesto codueño reclamando la copropiedad que se le niega, es lógico que aquel no podrá ejercitar luego la acción para pedir la división de la cosa común, etc. (Énfasis suplido y en el original.)

■ Por otro lado, en cuanto al requisito de la *identidad de cosas* nos dice Scaevola:

Puede tratarse de la absoluta identidad, en el sentido de que el segundo pleito se refiera a la finca u objeto mismo sobre que versó el primero, *pero en general basta que se refiera al mismo asunto,* aunque en el uno se abordase totalmente y sólo parcialmente en el otro, y aunque las cosas hayan sufrido disminución o alteración, desde el primero al segundo, que afecte su valor o alguna otra de sus condiciones. (Énfasis suplido.) Q.M. Scae-·vola, *Código Civil*, Madrid, Ed. Reus, 1958, pág. 534.

■ Finalmente, en cuanto a la identidad de las personas de los litigantes, el propio Art. 1204 del Código Civil, *supra*, expresa que:

Se entiende que hay identidad de personas siempre que los litigantes del segundo pleito sean *causahabientes, de los que contendieron en el pleito anterior, o estén unido a ellos por vínculos de solidaridad* o por los que establece la indivisibilidad de las prestaciones entre los que tienen derecho a exigirlas u obligación de satisfacerlas. (Énfasis suplido.)

■ El requisito de identidad de partes en la cosa juzgada y en su modalidad de impedimento colateral, el cual reafirmamos en *A & P Gen. Contractors v. Asoc. Caná,* supra, sigue la regla de la mutualidad, que prohíbe la alegación de cosa juzgada "contra una parte ... a menos que esta fuera parte original o se hallare en relación mutua (privi-

ty) con otra ...". *Berhard v. Bank of America Nat. Trust & Sav. Ass'n*, 19 Col. 2d 807, 812 (1942).

Ya desde *Andreu v. P.R. Ry., L. & P.*, 33 D.P.R. 617, 618 (1924), este Tribunal había reconocido que el impedimento debe ser mutuo.

El Art. 421 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1793, por su parte señala que:

> El efecto de una sentencia o decreto definitivo en una acción o un procedimiento especial ante un tribunal o juez de Puerto Rico o de los Estados Unidos con jurisdicción para pronunciar sentencia o decreto es como sigue:
>
> . . . . . . . .
>
> (2) En los demás casos, el fallo o decreto, *en cuanto a la materia directamente juzgada*, será concluyente *entre las partes y sus sucesores en interés* por título adquirido posteriormente al comienzo de la acción o del procedimiento especial, *las cuales estuvieren litigando por la misma cosa, bajo el mismo título, y en el mismo carácter, siempre que tuvieren noticia expresa o tácita de estarse substanciando la acción o procedimiento*. (Énfasis suplido.)

Se advertirá que el inciso núm. 2 del Art. 421 del Código de Enjuiciamiento Civil, *supra*, exige similares requisitos sustantivos que el Art. 1204 del Código Civil, *supra*, para el reconocimiento de la cosa juzgada.

 Por otro lado, la doctrina de impedimento colateral se distingue de la cosa juzgada en que para aplicar la primera no es necesario que se dé el requisito de identidad de causas necesario para aplicar la segunda. *Pereira v. Hernández*, supra.

### III

En el caso ante nos los recurridos esgrimieron ante el foro de instancia la sentencia del foro federal ofensivamente contra el peticionario para que se le prohibiera negar negligencia en la acción ante el foro local. A ello se

opuso el peticionario. Adujo que *no existía la mutualidad o identidad de partes* necesaria para aplicar tanto la doctrina de cosa juzgada como su modalidad de impedimento colateral por sentencia.

Es incuestionable que ambas reclamaciones surgieron de los mismos hechos. El Tribunal federal resolvió en contra del peticionario la reclamación traída por el Sr. Jesús Ruiz Rodríguez y dirimió las defensas traídas por aquel ante su consideración. *El aspecto de negligencia del peticionario fue adjudicado por dicho foro en su contra de manera final y firme.*

De igual modo, es innegable que existió la más perfecta identidad entre las cosas y causas en ambas acciones. No sólo las reclamaciones de los demandantes en ambos foros surgen de los mismos hechos, sino que la causa de acción es la misma (daños y perjuicios); la parte demandada es la misma, los testigos de hechos y los peritos son esencialmente los mismos, y la prueba documental es esencialmente la misma. De la misma manera son similares la teoría a ser sustentada por los demandantes en ambos foros, así como la teoría de defensa del demandado. *Donde surge controversia es en la identidad de las personas litigantes y la calidad en que lo fueron en ambos pleitos.*

En su oposición a la petición de *certiorari*, presentada por los recurridos, éstos reconocen que los demandantes en ambos foros *"son personas distintas"*, pero aducen que:

> *La conducta de los codemandantes recurridos en la Corte Federal como testigos de la parte demandante y quienes con relación al aspecto de negligencia apoyaron la teoría y/o alegaciones de éste en la Corte Federal e inclusive donde la parte demandante utilizó el mismo perito médico anunciado por dichos testigos en el tribunal de instancia y tratándose de un caso de negligencia profesional médica en donde los testigos del demandante al igual que éste alegaron sufrimientos mentales y/o morales por la muerte de Jesús Ruíz Martínez, coloca a los codemandantes recurridos en el tribunal de instancia y al deman-*

*dante en la Corte Federal como si fueran una sola parte en*
*relación a las prestaciones que estaban en litigio.*

Los hechos mencionados en el caso de marras vistos desde
una justa perspectiva colocan a los codemandantes recurridos
dentro del vínculo de solidaridad establecido en *A & P. Gen.*
*Constractors [sic.] v. Asoc. Caná,* supra. (Énfasis suplido.) Opo-
sición a Petición de *certiorari,* pág. 10.

En su alegato los recurridos sostienen que esas circuns-
tancias demuestran que ellos *controlaban* el pleito en el
foro federal, de suerte *que aunque no fueron parte formal*
en dicho pleito, debe considerársele como la misma parte
en aquel foro al aplicar la doctrina de cosa juzgada, en su
modalidad de impedimento colateral, en el pleito local. En
específico señalan que al declarar en la corte federal en
beneficio del Sr. Jesús Ruiz Rodríguez, declararon no solo
en beneficio de éste, sino en beneficio de sus propios
intereses. Aducen, además, que ellos "por estar directa-
mente en contacto con los hechos relacionados con la negli-
gencia del demandado recurrente controlaron la litigación
en la Corte Federal al extremo de que su perito en el tri-
bunal de instancia declaró como perito de Jesús Ruíz Ro-
dríguez en la Corte Federal". Oposición a Petición de *cer-*
*tiorari,* pág. 8.

El peticionario, por su parte, se opuso a la moción de
sentencia sumaria a nivel de instancia y sostiene en su
recurso y alegato ante nos que no existe la identidad o
mutualidad de partes necesaria para aplicar la doctrina de
cosa juzgada o su modalidad de impedimento colateral por
sentencia pues "según se puede comprobar de una mera
lectura de las alegaciones en ambas demandas, que [sic] en
la Corte de Distrito de los Estados Unidos [sic] la causa de
acción allí radicada [sic] *es para beneficio exclusivo de Je-*
*sús Ruíz Rodríguez,* y la demanda en el Tribunal Superior
es para reclamar por los daños personales alegadamente
sufridos por la viuda y cada uno de los restantes hijos *en su*

*capacidad individual".* (Énfasis suplido.) Petición de *certiorari,* pág. 8.

El foro sentenciador entendió que entre los demandantes de ambos foros existía tal vínculo de solidaridad que, en cuanto al aspecto de la negligencia, le permitía dictar sentencia sumaria parcial fundamentada en la doctrina de cosa juzgada y/o impedimento colateral. Erró el foro de instancia al así actuar.

## IV

En *Sucn. Zayas Berríos v. Berríos,* 90 D.P.R. 551 (1964), reconocimos la aplicación defensiva de la doctrina de cosa juzgada en un pleito en el que Justo Berríos (demandado-recurrente) fue demandado por los hermanos Luis y Juan Zayas Salgado y su señora madre María Luisa Salgado Díaz (demandantes-recurridos) en solicitud de reivindicación de cierta finca. El demandado-recurrente Berríos sostuvo que la titularidad de la referida finca le había sido adjudicada a su favor en un pleito de reivindicación instado por él contra Diego Torres Rodríguez, quien en aquel pleito *representaba en realidad* los intereses de "los ahora demandantes recurridos". Estos declararon a favor de Diego Torres en el pleito anterior.

Por entender que entre los demandantes recurridos en el recurso ante nos y el demandado Diego Torres en el pleito anterior *existía la solidaridad* necesaria aplicamos la doctrina de cosa juzgada. Al respecto señalamos:

> Es evidente del testimonio de los hermanos Zayas, que en el primer pleito de reivindicación de la parcela de 15 cuerdas, el demandado *Diego Torres Rodríguez era una parte puramente nominal.* Los verdaderos demandados, que se ocultaban tras del referido Diego Torres, y *la parte real, verdaderamente interesada como demandada en tal causa, eran los actuales recurridos,* de manera que aquél y éstos estaban *unidos por tal vínculo de solidaridad* que a los efectos de la aplicación de la doctrina

de cosa juzgada se cumple en este caso con el requisito de identidad de las personas de los litigantes y la calidad con que lo fueron. ... Del testimonio de los hermanos Zayas es forzoso concluir que la identidad entre los recurridos y Diego Torres era absoluta al extremo que en derecho, en el primer pleito de reivindicación de la referida parcela de 15 cuerdas, la parte demandada eran en realidad los recurridos *quienes de hecho eran quienes se beneficiaban de la actuación del demandado nominal en dicha acción y en efecto controlaban su actuación. La defensa en aquel caso se interpuso en beneficio de los recurridos y ellos tuvieron amplia oportunidad de defender sus derechos en dicha ocasión.* Tanto es así que de haber tenido éxito en dicha acción *Diego Torres les hubiera transferido el título sobre el inmueble que ahora reclaman.* (Énfasis suplido.) *Sucn. Zayas Berríos v. Berríos,* supra, pág. 566.

▰ *De suerte que el mero hecho de ser testigo en un pleito anterior no crea el vínculo de solidaridad,* a los efectos de la aplicación de la doctrina de cosa juzgada, para que se dé el requisito de identidad de personas. *Se requiere que quien no fue parte formal se beneficie personalmente de la acción de quien sí fue parte y en efecto controle la actuación de ésta.*

Esa no es la situación en el caso ante nos. Los aquí recurridos fueron *testigos en el foro federal para beneficio exclusivo* del Sr. Jesús Ruiz Martínez, quien reclamó por sus daños y perjuicios *personalísimos,* los que alegó sufrir a consecuencia de la muerte de su padre. El Sr. Jesús Ruiz Martínez *no era una parte nominal* en dicho pleito sino "la parte real, verdaderamente interesada como [demandante] en tal causa". No vemos, pues, que los aquí recurridos y el demandante en el pleito federal estén unidos por tal vínculo de solidaridad que a los efectos de la aplicación de la doctrina de cosa juzgada, en su modalidad de impedimento colateral, se cumpla en este caso con el requisito de identidad de las personas de los litigantes y la calidad con que lo fueron en aquel pleito.

▰ Por otro lado, como norma general la relación de parentesco no es suficiente para establecer la solidaridad

requerida por la doctrina. *Ramos González v. Félix Medina*, supra; *Díaz v. Navieras de P.R.*, supra, pág. 305.([10])

■ De la misma manera que, como norma general, la relación de parentesco no impide a los parientes que no fueron parte en el pleito anterior litigar en uno posterior para obtener indemnización por sus daños, perjuicios y sufrimientos personales, tampoco la sentencia anterior vincula al demandado del pleito anterior frente a los nuevos demandantes que no fueron parte en el pleito anterior ni tenían vínculos de solidaridad con los otros demandantes. Para ello es necesario que exista solidaridad entre las partes demandantes o mutualidad entre éstos. *Cf. Andreu v. P.R. Ry., L & P*, supra.

Por los fundamentos expuestos, y en vista de que como cuestión de derecho no procedía dictar sentencia sumaria parcial sobre el aspecto de la negligencia en este pleito debido a la inexistencia de identidad de partes, *se dicta sentencia para revocar la así dictada por el foro de instan-*

---

([10]) En *Díaz v. Navieras de P.R.*, 118 D.P.R. 297 (1987), el conductor George Díaz impactó un furgón de Navieras de P.R. Él y su pasajera, así como el padre, la madre y las tías de Díaz instaron una acción de daños en el foro local. Luego la pasajera, residente en Connecticut, desistió sin perjuicio de esa acción e instó demanda, a base de diversidad de ciudadanía, en el foro federal contra el conductor Díaz, Navieras de P.R. y otros. Díaz presentó demanda contra coparte (*interpleader*) contra los demás co-demandados en ese pleito. Luego de que el foro local dictara sentencia parcial en cuanto a la negligencia, imputándole un 20% de ésta a Díaz y un 80% a los demandados, uno de los co-demandados (tanto en el foro local como en el federal) solicitó al foro local la desestimación de la demanda en vista de que el foro federal dictó sentencia favorable a Díaz y le concedió $295,000 de indemnización en su demanda contra coparte. El foro de instancia se negó a desestimar. Al acudir ante este Tribunal resolvimos que la sentencia final y firme del foro federal era cosa juzgada en la acción instada por Díaz en el foro local. *Pero aclaramos que, por no existir identidad de partes o solidaridad con Díaz, dicha sentencia no era cosa juzgada en cuanto a la reclamación de los padres y tías de aquél.* Al respecto señalamos:

"Contra esta conclusión no milita la existencia en el Tribunal Superior de *partes demandantes* adicionales que no litigaron en el foro federal. Ciertamente contra ellos no puede prosperar la defensa de cosa juzgada. La relación de parentesco con Díaz Burgos, padre, madre y tías no es suficiente para establecer la solidaridad requerida." (Énfasis en el original suprimido y énfasis suplido.) Véase, además, *Ramos González v. Félix Medina* 121 D.P.R. 312 (1988), en el que se entendió que la esposa y la sociedad legal de gananciales de un demandado en la Corte Federal y que no eran partes en dicho pleito no le aplica la cosa juzgada.

La única diferencia del caso de autos con el caso de *Díaz v. Navieras de P.R.*, supra, es que aquí se levanta la cosa juzgada en su modalidad ofensiva y allí se levantó en su modalidad defensiva.

*cia el 27 de abril de 1989. Se devuelve el caso a dicho foro para que continúe con los procedimientos de conformidad con lo aquí resuelto.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Negrón García concurrió sin opinión escrita.