*951 TEXTO COMPLETO DE LA SENTENCIA
I
La Sra. Kathy letter comparece como apelante en el presente recurso.
Para la fecha de los hechos que dan lugar a la presente controversia, la apelante residía en un apartamento, que supuestamente era de su propiedad, ubicado en el Condominio Plaza del Mar en Carolina. La apelante fue la presidenta del Consejo de Titulares de dicho Condominio entre 1995 y 2000.
Para 1998, la apelante estableció una compañía llamada “Spotless Janitorial Services” (“Spotless”), dedicada a proveer servicios de mantenimiento a edificios. Posteriormente, el Consejo de Titulares del Condominio Plaza del Mar contrató a la compañía de la apelante para proveer el mantenimiento del edificio.
Para el año 2000, la apelante fue sustituida como presidenta del Consejo de Titulares por la apelada Mirtha González Rodríguez. Al convertirse en presidenta del Consejo de Titulares, la Sra. González canceló el contrato existente con Spotless. La Sra. González supuestamente le imputó a la apelante que ésta había cometido irregularidades como presidenta del Consejo de Titulares y que había incurrido en conflicto de intereses.
La Sra. González supuestamente alegó que la apelante no era dueña del apartamento que ocupaba en el edificio, que había malversado los fondos del edificio y que había incurrido en fraude.
Para abril de 200T, el Consejo de Titulares, representado por la Sra. González, instó una demanda por daños y perjuicios contra la apelante ante la Sala de Carolina del Tribunal de Primera Instancia. Para esa época, la apelante ya no vivía en el Condominio y había arrendado su apartamento. La apelante también estaba en gestiones para vender su propiedad. Como parte de los procedimientos, el Consejo de Titulares solicitó y obtuvo el embargo del apartamento de la apelante, lo que provocó pérdidas económicas a ésta. La apelante no pudo vender su apartamento. Al no poderlo alquilar, tampoco pudo seguir pagándolo y lo perdió.
En el año 2003, la parte apelada promovió que las autoridades presentaran cargos criminales contra la apelante por apropiación ilegal agravada y falsificación de documentos ante el Tribunal de Carolina. La apelante fue arrestada y fichada, lo que le provocó gran humillación. Los cargos fueron archivados en la Vista Preliminar, al determinarse que no había causa para acusar a la apelante por los hechos alegados.
Durante la pendencia del procedimiento, la Sra. González supuestamente colocó en el vestíbulo del Condominio fotografías ampliadas de la apelante donde ésta aparecía fichada, lo que afectó su reputación. Según la apelante, ésta tuvo que marcharse de Puerto Rico. La apelante alega que se reubicó en el Estado de Nueva York.
En julio de 2004, la apelante instó una demanda por daños y perjuicios por persecución maliciosa y *952 difamación contra la Sra. González y el Consejo de Titulares del Condominio Plaza del Mar ante el Tribunal de los Estados Unidos para el Distrito de Puerto Rico, Caso Civil No. 04-1669 (RLA). En su demanda, la apelante invocó la jurisdicción de la corte federal basada en la diversidad de ciudadanía de los litigantes y solicitó compensación por los daños ocasionados por las actuaciones culposas de los demandados.
La apelante no emplazó a la Sra. González en el procedimiento, por lo que, mediante sentencia parcial emitida el 9 de diciembre de 2004, el Tribunal federal desestimó la demanda contra dicha parte, en la capacidad individual de ésta.
Por su parte, el Consejo de Titulares compareció ante el Tribunal y solicitó que se le permitiera conducir descubrimiento de prueba antes de contestar la demanda. La parte apelada alegó que tenía base para creer que, no obstante la alegación de la apelante de que residía en Nueva York, ésta todavía vivía en Puerto Rico, por lo que posiblemente no existía la diversidad de ciudadanía requerida para que el caso se ventilara ante el Tribunal federal.
La parte apelada sometió interrogatorios a la apelante y la citó a una deposición. La apelante no contestó el descubrimiento de prueba sometido.
El Consejo de Titulares le solicitó al Tribunal que sancionara a la apelante por su incumplimiento y desestimara la demanda presentada por ésta.
Mediante la sentencia emitida el 20 de diciembre de 2004, el Tribunal federal declaró con lugar la solicitud de la apelada y desestimó la demanda por falta de jurisdicción (“lack of diversity jurisdiction”).
A solicitud de la parte apelada, el 10 de enero de 2005, el Tribunal enmendó su sentencia para aclarar que se había desestimado la demanda, no sólo por falta de jurisdicción, sino además, por la inactividad de la apelante y su incumplimiento con las órdenes del Tribunal (“lack of prosecution and failure to comply with the orders of this Court”).
El 5 de agosto de 2005, la apelante procedió a instar la presente demanda ante el Tribunal de Primera Instancia, Sala Superior de Carolina, contra la Sra. González y el Consejo de Titulares del Condominio, repitiendo las alegaciones y causas de acción previamente presentadas ante el Tribunal federal.
La parte apelada contestó la demanda y negó las alegaciones. Oportunamente, dicha parte también presentó una moción de sentencia sumaria por cosa juzgada.
En su moción, la parte apelada alegó que la demanda de la apelante había sido previamente instada ante el Tribunal federal y desestimada por dicho foro, lo que impedía a la apelante volver a instar su reclamación. La parte apelada señaló que aunque el Tribunal federal desestimó la demanda por falta de diversidad de ciudadanía (lo que no constituye impedimento para que se vuelva a presentar la reclamación), el Tribunal aclaró que también había ordenado la desestimación del caso por inactividad y por el incumpliendo de la parte apelada con las órdenes del Tribunal. La parte apelada expresó que, conforme a la Regla 41(b) de las de Procedimiento Civil federal, 28 U.S.C., Fed. Rules of Civ. Proc., R. 41(b), este tipo de desestimación constituye una adjudicación en los méritos de la reclamación (“operates as an adjudication upon the merits”).
La parte apelante se opuso a la moción de la apelada.
El 10 de octubre de 2006, mediante la sentencia apelada, el Tribunal de Primera Instancia declaró con lugar la moción de sentencia sumaria de la parte apelada y ordenó la desestimación de la demanda. El Tribunal de Primera Instancia concluyó que la sentencia enmendada emitida el 10 de enero de 2005 por el Tribunal federal *953 en el caso Caso Civil No. 04-1669 (RLA) ante dicho foro efectivamente constituia una adjudicación en sus méritos de la demanda de la parte apelante, por lo que ésta estaba impedida, por cosa juzgada, de volver a instar su reclamación.
La parte apelante solicitó reconsideración de la sentencia emitida por el Tribunal de Primera Instancia, la cual no fue acogida por dicho Tribunal.
Insatisfecha, la parte apelante acudió ante este foro.
II
En su recurso, la apelante plantea que el Tribunal de Primera Instancia erró al aplicar la doctrina de cosa juzgada y al ordenar la desestimación sumaria de su reclamación.
El interés público en la estabilidad de los dictámenes judiciales no favorece que se litigue nuevamente lo ya adjudicado en una causa anterior. Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. 212, 218 (1992); Zambrana v. Tribunal Superior, 100 D.P.R. 179, 181 (1971).
Dicho interés da lugar a la existencia de la doctrina de cosa juzgada en nuestra jurisdicción, dirigida a garantizar la finalidad de las decisiones judiciales y a evitar que los ciudadanos se vean forzados a someterse a las molestias que supone litigar una misma causa en más de de una ocasión. Méndez v. Fundación, 165 D.P.R. _ (2005), 2005 J.T.S. 106, a la pág. 1518; A & P Gen. Contractors v. Asoc. Caná, 110 D.P.R. 753, 761 (1981).
La excepción de cosa juzgada está expresamente reglamentada por el Art. 1204 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 3343, el cual requiere, para la aplicación de esta figura, que concurran “la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron”. 32 L.P.R.A. sec. 1793; Mun. de San Juan v. Bosque Real, Inc., 158 D.P.R. _ (2003), 2003 J.T.S. 33, a la pág. 634; Fatach v. Triple S, Inc., 147 D.P.R. 882, 889 (1999); Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. a la pág. 219; Díaz v. Navieras de P.R., 118 D.P.R. 297, 304-305 (1987); Pagán Hernández v. U.P.R., 107 D.P.R. 720, 732 (1978).
Según ha explicado el Tribunal Supremo de Puerto Rico, la causa significa la razón o el motivo de pedir, esto es, "el fundamento capital, el origen de las acciones o excepciones planteadas y resueltas". Existe identidad de causas "cuando la nueva acción estuviera como embebida en la primera, o fuese consecuencia inseparable de la misma". Acevedo v. Western Digital Caribe, Inc., 140 D.P.R. 452, 464 (1996); A & P Gen. Contractors v. Asoc. Caná, 110 D.P.R. a la pág. 765; Mercado Riera v. Mercado Riera, 100 D.P.R. 940, 951-952 (1972).
La cosa se refiere al objeto o materia sobre el cual se ejercita la acción. Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. a la pág. 220; A & P Gen. Contractors v. Asoc. Caná, 110 D.P.R. a las págs. 764-765; Lausell Marxuach v. Díaz de Yáñez, 103 D.P.R. 533, 535 (1975).
El requisito de identidad de personas se rige por la doctrina de mutualidad (“privity”). Esto es, se requiere que las personas hubieran sido partes en el pleito anterior o que estén en una relación mutua con dichas partes. Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. a la pág. 220; P.I.P. v. C.E.E., 120 D.P.R. 580, 605 (1988); A & P Gen. Contractors v. Asoc. Caná, 110 D.P.R. a la pág. 766.
El citado Artículo 1204 del Código Civil aclara que "[s]e entiende que hay identidad de personas siempre que los litigantes en el segundo pleito sean causahabientes de los que contendieron en el pleito anterior, o estén unidos a ellos por vínculos de solidaridad o por los que establece la indivisibilidad de las prestaciones.31 *954 L.P.R.A. sec. 3343; véase, A & P Gen. Contractors v. Asoc. Caná, 110 D.P.R. a la pág. 766; P.I.P. v. C.E.E., 120 D.P.R. a la pág. 605; Pol Sella v. Lugo Christian, 107 D.P.R. 540, 549 (1978). 
Para que la presunción de cosa juzgada surta efecto, se requiere que el Tribunal hubiera emitido una sentencia final que adjudique la reclamación del demandante. Esto presupone que la sentencia o dictamen original que se invoca en apoyo de la defensa de cosa juzgada haya sido emitida por un foro que gozaba de jurisdicción sobre la controversia y sobre las partes. P.R.T.C. v. Unión Indep. Emp. Telefónicos, 131 D.P.R. 171, 193 (1992); Vázquez v. A.R.P.E., 128 D.P.R. 513, 536-537 (1991); Díaz v. Navieras de P.R., 118 D.P.R. a las págs. 304-305 (1987); J.R.T. v. Hospital de la Concepción, 114 D.P.R. 372, 381 (1983); Rivera v. Insurance Co. of P.R., 103 D.P.R. 91, 94 (1974); Millón v. Caribe Motors, Corp., 83 D.P.R. 494, 507-508 (1961); Tartak v. Tribl. de Distrito, 74 D.P.R. 862, 870 (1953). 
A pesar de la importancia de la doctrina de cosa juzgada, el Tribunal Supremo de Puerto Rico ha aclarado que no se trata de una norma absoluta. Al contrario, dicha doctrina no debe invocarse de manera automática o inflexible en todos los casos, sino que debe considerarse si su aplicación opera para derrotar los fines de la justicia. Méndez v. Fundación, 2005 J.T.S. 106, a las págs. 1518-9; Parrilla v. Rodríguez, 163 D.P.R. _ (2004), 2004 J.T.S. 180, a la pág. 427; Banco de la Vivienda v. Carlo Ortiz, 130 D.P.R. 730, 739 (1992); Pagán Hernández v. U.P.R., 107 D.P.R. a la pág. 732; Pérez v. Bauzá, 83 D.P.R. 220, 225-226 (1961).
Al determinar si se brinda efecto de cosa juzgada a una sentencia previa, uno de los factores que se puede considerar es si dicho dictamen llegó a adjudicar los méritos de la controversia entre las partes o si se trata de una sentencia desestimatoria basada en motivos procesales, en cuyo caso realmente no está presente el peligro de que se produzcan dictámenes judiciales inconsistentes. Parrilla v. Rodríguez, 2004 J.T.S. 180, a la pág. 427.
En el caso de autos, no se discute que exista identidad entre la reclamación contenida en la demanda ante el Tribunal de Primera Instancia y aquella previamente desestimada por el foro federal en el caso Civil No. 04-1669 (RLA). Tampoco se cuestiona que exista la identidad requerida entre las partes, ni en la calidad en que han comparecido al Tribunal, o en los objetos del litigio.
La parte apelante alega, sin embargo, que el dictamen del Tribunal federal carece de efecto de cosa juzgada porque no constituyó una adjudicación definitiva de la controversia.
El Tribunal federal, según hemos visto, desestimó la reclamación contra la Sra. González, en su carácter individual, mediante la sentencia parcial emitida el 9 de diciembre de 2004, porque dicha parte no había sido emplazada. Este tipo de desestimación, según se conoce, de ordinario no constituye una adjudicación en los méritos, bajo la Regla 4(m) de las de Procedimiento Civil Federal, 28 U.S.C. Fed. Rules of Civ. Proc., R. 4(m); Ruiz Varela v. Sánchez Vélez, 814 F.2d 821, 824 esc. 2 (1st. Cir. 1987), por lo que el Tribunal de Primera Instancia no debió desestimar esta parte de la reclamación.
El Tribunal federal también desestimó la demanda contra el Consejo de Titulares del Condominio. Aunque en su dictamen inicial del 20 de diciembre de 2004, el Tribunal federal expresó que se desestimaba la demanda por falta de jurisdicción basada en diversidad de ciudadanía (“lack of diversity jurisdiction”), posteriormente, el Tribunal, a instancias de la parte apelada, enmendó su sentencia para indicar que se desestimaba la demanda por este fundamento y por la inactividad de la parte demandante y su incumplimiento con las órdenes del tribunal {“lack of prosecution and failure to comply with the orders of this Court”).
Desde luego, si el Tribunal carecía de jurisdicción sobre la controversia, la cual estaba basada en la alegada diversidad de ciudadanía de las partes, su dictamen no puede constituir cosa juzgada en el caso de autos. P.R.T.C. v. Unión Indep. Emp. Telefónicos, 131 D.P.R. a la pág. 193; Vázquez v. A.R.P.E., 128 D.P.R. a las págs. 536-537; Díaz v. Navieras de P.R., 118 D.P.R. a las págs. 304-305; J.R.T. v. Hosp. de la Concepción, 114 D.P.R. a *955 la pág. 381; Rivera v. Insurance Co. of P.R., 103 D.P.R. a la pág. 94; Millán v. Caribe Motors Corp., 83 D.P.R. a las págs. 507-508; Tartak v. Tribl. de Distrito, 74 D.P.R. a la pág. 870.
La sentencia del Tribunal federal es ambigua, en este sentido. La parte apelada alegó y el Tribunal de Primera Instancia así lo entendió, que como el tribunal federal también había ordenado la desestimación de la demanda por inactividad e incumplimiento con las órdenes del foro federal, bajo la Regla 41(b) de las de Procedimiento Civil federal, procedía la desestimación del caso de autos. No estamos de acuerdo.
La cosa juzgada, según se conoce, es una defensa afirmativa. Véase, 32 L.P.R.A. Ap. III, R. 6.3. Corresponde a la parte que la invoca el peso para establecer su aplicabilidad. A & P Gen. Contractors v. Asoc. Caná, 110 D.P.R. a la pág. 767.
En el presente caso, la posición procesal asumida por la parte apelada ante el foro federal fue de cuestionar la jurisdicción de dicho tribunal para entender en la controversia, ya que la parte apelada alegó que la apelante residía en Puerto Rico. No habiéndose aclarado si el foro federal efectivamente contaba con jurisdicción para entender en el caso, entendemos que no se debió conferir efecto de cosa juzgada a su sentencia.
La parte apelada alega que el dictamen del tribunal federal constituye cosa juzgada porque dicho tribunal también desestimó la demanda por la inactividad demostrada por la parte apelante y por su incumplimiento con las órdenes del tribunal. La parte apelada señala que, bajo la Regla 41(b) de las de Procedimiento Civil federal, estos fundamentos constituyen una adjudicación en los méritos de la controversia que impide la relitigación del caso.
Lo cierto es que el Tribunal Supremo de los Estados Unidos ha aclarado que una sentencia desestimatoria emitida por un tribunal federal bajo la Regla 41(b) de las de Procedimiento Civil federal no necesariamente constituye cosa juzgada sobre una reclamación instada en otro foro, aunque la primera se considere un dictamen “en los méritos” que impide que el caso se vuelva a presentar en el mismo foro federal. Semtek Intern. Inc. v. Lockheed Martin Corp., 531 U.S. 497, 503 (2001) (“it is no longer true that a judgment ‘on the merits’ [under R. 41(b) of the Fed. Rules Civ. Proced.] is necessarily a judgment entitled to claim-preclusive effect”).
En Semtek, se trataba de una demanda sobre incumplimiento de contrato que se ventiló ante el Tribunal federal de California, a base de diversidad de ciudadanía, y que fue desestimada por dicho foro, bajo la Regla 41(b) de las de Procedimiento Civil federal, por haber transcurrido el término prescriptivo correspondiente, establecido por las leyes de California. El demandante presentó entonces su reclamación en el tribunal de Maryland, quien también gozaba de jurisdicción sobre las partes, bajo las leyes de dicho estado, las que establecían un término prescriptivo más largo. El Tribunal estatal desestimó la demanda, al entender que la sentencia emitida por la corte federal constituía cosa juzgada.
El Tribunal Supremo de los Estados Unidos revocó este dictamen y aclaró:

“We think, ..., that the effect of the “adjudication upon the merits” default provision of Rule 41(b) —and, presumably, of the explicit order in the present case that used the language of that default provision— is simply that, unlike a dismissal “without prejudice, ” the dismissal in the present case barred refiling of the same claim in the United States District Court for the Central District of California. That is undoubtedly a necessary condition, but it is not a sufficient one, for claim-preclusive effect in other courts. ”

Semtek Intern. Inc. v. Lockheed Martin Corp., 531 U.S. a la pág. 506.
El Tribunal concluyó que la reclamación del demandante no debía desestimarse porque las disposiciones de California sobre la prescripción de la acción resultaban inaplicables a la demanda presentada en Maryland. 531 *956 U.S. a la pág. 509.
En la situación de autos, el dictamen desestimatorio del Tribunal federal no se produjo porque dicho foro hubiera llegado a adjudicar los hechos de la controversia, sino más bien como una sanción al incumplimiento procesal de la parte apelante con el calendario fijado por dicha corte. La decisión del tribunal refleja la política del tribunal de los Estados Unidos sobre el incumplimiento de sus órdenes.
Es pertinente señalar que la política procesal de los tribunales de Puerto Rico en tomo a este tipo de situaciones es distinta. En nuestra jurisdicción, no se favorece decretar la desestimación de una demanda, como primera alternativa, ante la inactividad o el incumplimiento procesal de una parte, sin antes haber agotado otras medidas correctivas menos onerosas, como la imposición de sanciones económicas. Véase, la Regla 39.2(a) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 39.2(a); Mun. de Arecibo v. Almac. Yakima, 154 D.P.R. 217, 222 (2001); Echevarría Jiménez v. Sucn. Pérez Meri, 123 D.P.R. 664, 674 (1989); Dávila v. Hosp. San Miguel, Inc., 117 D.P.R. 807, 814 (1986); Maldonado v. Srio. de Rec. Naturales, 113 D.P.R. 494, 498 (1982); Garriga Gordils v. Maldonado Colón, 109 D.P.R. 817, 822 (1980); Arce v. Club Gallístico de San Juan, 105 D.P.R. 305, 308(1976).
A diferencia de los tribunales federales, que cuentan con una jurisdicción limitada para entender en los casos, los tribunales de Puerto Rico gozan de jurisdicción general para entender en los casos de sus ciudadanos. Junta Dir. Cond. Montebello v. Fernández, 136 D.P.R. 223, 230 (1994). De ahí que la política pública de nuestros tribunales favorezca que los casos sean ventilados en sus méritos, siempre que ello sea posible. Mun. de Arecibo v. Almac. Yakima, 154 D.P.R. a la pág. 221; Ghigliotti v. A.S.A., 149 D.P.R. 902, 915 (1999); Neptune Packing Corp. v. Wackenhut Corp, 120 D.P.R, 283, 293 (1988); Imp. Vilca, Inc. v. Hogares Crea, Inc., 118 D.P.R. 679, 686(1987).
En el presente caso, la sentencia del Tribunal federal no adjudicó los hechos alegados por la apelante. Habiéndose desestimado la reclamación contra la Sra. González por la falta de su emplazamiento, lo que no impedía a la apelante reclamar nuevamente contra dicha parte, y existiendo dudas en torno a si el Tribunal federal efectivamente tenía jurisdicción sobre la controversia, pensamos que el Tribunal de Primera Instancia no debió desestimar la demanda por el fundamento de cosa juzgada.
Por los fundamentos expresados, se revoca la sentencia apelada. Se devolverá el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.
Lo pronunció y lo manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones
ESCOLIOS 2007 DTA 39
1. El Tribunal Supremo de Puerto Rico también ha reconocido el impedimento colateral por sentencia como una modalidad de la cosa juzgada, en la cual no resulta necesaria la identidad de causas.
El impedimento colateral por sentencia opera cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final, y tal determinación es concluyente en un segundo pleito entre las mismas partes. Méndez v. Fundación, 2005 J.T.S. 106, a la pág. 1519; Fatach v. Triple S, Inc., 147 D.P.R. a la pág. 889; Acevedo v. Western Digital Caribe, Inc., 140 D.P.R. a la pág. 464; Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. a la pág. 221; A & P Gen. Contractors v. Asoc. Caná, 110 D.P.R. a la pág. 762; véase, Aponte v. Román, 145 D.P.R. 477 (1998).
*957 Por su parte, en su modalidad de fraccionamiento de causa de acción, la cosa juzgada opera como un impedimento a que se litiguen en un segundo litigio, reclamaciones que pudieron haberse levantado y adjudicado con propiedad en un procedimiento anterior entre las mismas partes, y que surgen del mismo núcleo de hechos operativos, aunque tales reclamaciones, como cuestión de hecho, no hubiesen sido expresamente levantadas en el primer proceso. Véanse, Díaz Maldonado v. Lacot, 123 D.P.R. 261, 274 (1989); Díaz v. Navieras de P.R., Inc., 118 D.P.R. a la pág. 305; Pagán Hernández v. U.P.R., 107 D.P.R. a las págs. 732-733; Mercado Riera v. Mercado Riera, 100 D.P.R. a las págs. 952-953; Zambrana v. Tribunal Superior, 100 D.P.R. a la pág. 181; Isaac Sánchez v. Universal C.I.T. Credit, 95 D.P.R. 372, 382 (1967); Capó Sánchez v. Srio. de Hacienda, 92 D.P.R. 837, 839 (1965); Cruz v. Ortiz, 82 D.P.R. 834, 839 (1961).
2. No importa que el Tribunal careciera de competencia sobre la controversia, siempre que tuviera jurisdicción sobre ésta y sobre las partes. Seijo v. Mueblerías Mendoza, 106 D.P.R. 491, 493 (1977).