ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ROBERTO H. HAU ROSA<br><br>Recurrido<br><br>v.<br><br>MERARI VELAZQUEZ ALDARONDO, JUAN MANUEL CASTRO CABAN<br><br>Peticionarios | TA2025CE00254 | *Certiorari Civil*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.:<br>IS2024CV00135<br><br>Sobre:<br>Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de septiembre de 2025.

Comparecen Merari Velázquez Aldarondo y Juan Manuel Castro Cabán (en conjunto, "matrimonio Castro-Velázquez" o "Peticionarios") mediante *Petición de Certiorari* y nos solicita que revisemos la *Resolución* emitida el 9 de julio de 2025, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla ("TPI"). En virtud del referido dictamen, el TPI denegó la Solicitud de Sentencia Sumaria presentada por el peticionario.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari*.

## I.

El 24 de mayo de 2024 Roberto H. Hau Rosa ("doctor Hau Rosa" o "Recurrido") instó una *Demanda* en contra del matrimonio Castro-Velázquez, la cual fue enmendada el 5 de junio de 2024. Señaló que la señora Velázquez Aldarondo, como secretaria-administradora de su oficina médica, llevó a cabo un esquema de fraude junto a su esposo, el señor Castro Cabán. Destacó que, como consecuencia del fraude cometido, la señora Velázquez Aldarondo hizo una alegación de culpabilidad, mediante acuerdo, ante el foro federal, en el caso *United States of America v. Merari Velázquez*

*Aldarondo,* Case No. 17-CR-214 (PG). Expuso que, como parte del acuerdo, la señora Velázquez Aldarondo se obligó a restituirle la cantidad de $262,992.41, más intereses a razón de 2.43% anuales. No obstante, manifestó que la demandada había incumplido con los pagos mensuales de $1,000.00. Siendo así, solicitó la cantidad de $400,000.00, por concepto de daños debido al incumplimiento en el pago de la restitución.

Tras varias instancias procesales, el 11 de julio de 2024, el matrimonio Castro-Velázquez instó una *Solicitud de Sentencia Sumaria Enmendada.*[1] Ante la existencia de un dictamen final emitido por el Tribunal Federal en un procedimiento criminal, adujeron que el pleito de epígrafe resultaba improcedente bajo la figura de cosa juzgada, en su modalidad de impedimento colateral por sentencia.

Por su parte, el 21 de agosto de 2024, el doctor Hau Rosa notificó su *Réplica a Sentencia Sumaria Enmendada.* Arguyó que la Sentencia dictada por el foro federal no constituyó cosa juzgada. De manera particular, sostuvo que una víctima que haya recibido restitución puede presentar una acción civil para reclamar los daños y pérdidas ocasionadas como resultado del delito.

El 16 de diciembre de 2024, el foro de instancia emitió una *Orden* mediante la cual dispuso lo siguiente: "[a]tendida Moción Solicitando Sentencia Sumaria y su Réplica, se declara no ha lugar la primera, por los fundamentos que expresa la última".[2]

Insatisfechos, el 26 de diciembre de 2024, el matrimonio Castro-Velázquez presentó *Moción de Reconsideración.* En respuesta, el 3 de febrero de 2024, el doctor Hau Rosa instó su *Oposición a Moción de Reconsideración.* El 10 de febrero de 2025, el TPI denegó la solicitud de reconsideración.

---

[1] La Solicitud de Sentencia Sumaria fue enmendada a los únicos fines de corregir unos errores de forma.
[2] SUMAC, Entrada Núm. 22.

Inconformes aún, el matrimonio Castro-Velázquez acudió ante esta Curia mediante recurso de *certiorari* clasificado alfanuméricamente como KLCE202500246. En virtud de ello, el 21 de abril de 2025, este Panel dictaminó una *Sentencia.* Mediante el referido dictamen, le ordenamos al foro de instancia a emitir una determinación fundamentada con los hechos controvertidos e incontrovertidos, a tenor con la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V., R. 36.4.

En cumplimiento, el 9 de julio de 2025, el TPI dictó una *Resolución.* El foro de instancia concluyó que la defensa de cosa juzgada no procede en el caso de autos, ya que la causa de acción versa sobre una reclamación de daños por concepto de la restitución dejada de pagar. De manera particular, detalló lo siguiente:

> Resulta interesante que el demandado anejó prueba documental extensa, sobre todos los procedimientos anteriores; pero para la alegación de que la demandada ha cumplido sin fallar con todos los pagos conforme al acuerdo existente con el demandante, no se anejó prueba documental alguna. **Debemos subrayar que, sobre la única controversia material del caso, que es el cumplimiento de la demandada con el contrato de transacción y la restitución, no se ha presentado prueba documental, recibo o ninguna otra evidencia para establecer que no exista controversia de hecho sobre dicho asunto.** Ciertamente, la alegación por sí misma de la demandada, de que ha cumplido, no es evidencia que nos permita dictar sentencia de manera sumaria.[3]

> (Énfasis suplido)

Inconformes, el 6 de agosto de 2025, el matrimonio Castro-Velázquez acudió ante nos mediante *Petición de Certiorari.* Los peticionarios realizaron los siguientes señalamientos de error:

> **Erró el TPI al consignar su Resolución denegando la Solicitud de Sentencia Sumaria, como únicos hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, unos asuntos de estricto derecho, y clara equivocación en su interpretación a la causa de acción y contenido de la Demanda que motivara la Solicitud de Sentencia Sumaria; y sobre los cuales no existe controversia real y material, por haber un dictamen final del foro federal sobre pena de restitución y consecuentes efectos que produjo inexistencia de controversia alguna sobre el**

---

[3] SUMAC, Entrada Núm. 43, págs. 8-9.

**cumplimiento en los pagos de la deuda; incurriendo así su actuación en craso abuso de discreción.**

El 19 de agosto de 2025, notificada el día siguiente, este Tribunal emitió una *Resolución*, mediante la cual le concedimos a la parte recurrida un término de diez (10) días para presentar su alegato en oposición, so pena de proceder sin el beneficio de su comparecencia. Transcurrido el término otorgado, sin la comparecencia del doctor Hau Rosa, procedemos a resolver.

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012).

La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari,* a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

     E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

     F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

     G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

Para que se configure la defensa de cosa juzgada se tiene que cumplir con los requisitos siguientes: (1) una primera sentencia válida, la cual advino final y firme que adjudicó los hechos y resolvió la controversia en los méritos; (2) las partes en ambos juicios deben ser las mismas; (3) era la misma controversia objeto en cada juicio; (4) que el remedio que se solicita sea análogo al que se pidió en el caso anterior; y, por último, (5) que las partes en ambos litigios comparezcan en la misma calidad. *Beniquez et al v. Vargas et al.*, 184 DPR 210, 221-225 (2012).

El ilustre tratadista español Manresa define la doctrina de cosa juzgada como "lo ya resuelto por fallo firme de un Juez o Tribunal competente, y lleva en sí la firmeza de su irrevocabilidad." J.M. Manresa, *Comentarios al Código Civil Español,* Ed. Reus, T. VIII, Vol. II, 6ta Ed., Madrid, España, 1967, pág. 278. El efecto inexorable de la doctrina de cosa juzgada es que la sentencia decretada en un pleito anterior impide que en un pleito posterior se litiguen entre las mismas partes y sobre la misma causa de acción y cosas, las cuestiones ya litigadas y adjudicadas, y aquellas que pudieron haber sido litigadas y adjudicadas con propiedad en la acción previa. *Méndez v. Fundación,* 165 DPR 253, 267 (2005); *Pagán Hernández v. U.P.R.*, 107 DPR 720, 732-733 (1978); *Mercado Riera v. Mercado Riera,* 100 DPR 940, 950 (1972).

En aras de que el litigante pueda invocar exitosamente la defensa de cosa juzgada, es preciso que entre el caso resuelto por la sentencia y en el caso que se invoca la misma, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron. *Méndez v. Fundación, supra,* pág. 267. No obstante, en ciertas ocasiones se ha declinado la aplicación de la defensa de cosa juzgada, aun cuando concurren los mencionados requisitos, para evitar una injusticia o cuando se plantean consideraciones de interés público. *Parrilla v. Rodríguez,* 169 DPR 263, 269 (2004). Ahora bien, no se favorece la aplicación liberal de excepciones a la doctrina de cosa juzgada puesto que se puede afectar la finalidad de las controversias adjudicadas, y por ende el buen funcionamiento del sistema judicial. *Íd.*, pág. 271.

Por otra parte, se reconoce en nuestro acervo jurídico la figura del impedimento colateral por sentencia como una modalidad de la doctrina de cosa juzgada. *P.R. Wire Prod. v. C. Crespo & Assoc.,* 175 DPR 139, 152 (2008). El impedimento colateral por sentencia "surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y se determina mediante sentencia válida y

final, [y] tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas." *A & P Gen. Contractors v. Asoc. Caná,* 110 DPR 753, 762 (1981). Es decir, el impedimento colateral por sentencia impide que se litigue en un litigio posterior un hecho esencial que fue adjudicado mediante sentencia final en un litigio anterior. *P.R. Wire Prod. v. C. Crespo & Assoc., supra,* pág. 151.

A diferencia de la doctrina de cosa juzgada, la aplicación de la figura de impedimento colateral por sentencia no exige la identidad de causas, esto es, que la razón de pedir plasmada en la demanda sea la misma en ambos litigios. *Rodríguez Rodríguez v. Colberg Comas,* 131 DPR 212, 219 (1989). Sobre la identidad de causas, el Tribunal Supremo ha señalado que en el contexto particular de la doctrina de cosa juzgada y de impedimento colateral por sentencia, tal requisito significa el fundamento capital, es decir, el origen de las acciones o excepciones planteadas y resueltas. *A & P Gen. Contractors v. Asoc. Caná, supra,* pág. 765

Al igual que la doctrina de cosa juzgada, el propósito de la figura del impedimento colateral por sentencia es promover la economía procesal y judicial y amparar a los ciudadanos del acoso que necesariamente conlleva litigar en más de una ocasión hechos ya adjudicados. *P.R. Wire Prod. v. C. Crespo & Assoc., supra,* págs. 152-153. No procede la interposición de la doctrina de impedimento colateral por sentencia -ya sea en su vertiente ofensiva o defensiva- cuando la parte contra la cual se interpone (1) no ha tenido la oportunidad de litigar previamente el asunto y (2) no ha resultado ser la parte perdidosa en un litigio anterior. *Íd.,* pág. 153.

**III.**

Hemos examinado cuidadosamente el expediente, a la luz de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra,* y no identificamos razón por la cual esta Curia deba intervenir. Ello, ya que no se presentan ninguna de las situaciones

que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. En el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

**IV.**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones