Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| ONE ALLIANCE INSURANCE CORPORATION<br><br>Parte Apelante<br><br>v.<br><br>PR ASSET PORTFOLIO 2013-1 INTERNATIONAL, LLC<br><br>Parte Apelada | TA2025AP00381 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2024CV06292<br><br>Sobre: Incumplimiento de Contrato |
| --- | --- | --- |

Panel integrado por su presidenta la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Rodríguez Flores, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 18 de diciembre de 2025.

Comparece ante este foro revisor, One Alliance Insurance Corporation (One Alliance o parte apelante) mediante el recurso de *apelación* de epígrafe instado el 25 de septiembre de 2025. Solicita que revoquemos la *Sentencia* emitida el 7 de agosto de 2025, y notificada el 8 de agosto de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante el referido dictamen, el TPI declaró *Ha Lugar* la Moción de Desestimación presentada por PR Asset Portfolio 2013-1 International, LLC (PRAPI o parte apelada) y, en consecuencia, desestimó con perjuicio la causa de acción sobre incumplimiento de contrato instada por One Alliance.

Por los fundamentos que expondremos a continuación, *confirmamos* la *Sentencia* apelada.

**I.**

El 12 de agosto de 2024, One Alliance instó una *Demanda Enmendada* sobre incumplimiento de contrato contra PRAPI.[1] En esta, adujo que PRAPI incurrió en fraude al: (1) presentar reclamaciones infladas; (2) asegurar propiedades en las que no tenía interés asegurable; (3) recibir pagos duplicados por los mismos daños y; (4) solicitar partida de gastos y costos de reparación a pesar de no tener la intención de reparar las propiedades.[2] Por todo lo anterior, solicitó al foro primario que determinara que PRAPI cometió fraude y, consecuentemente, anulara las pólizas de seguro números 75-28-000001258-0 (REO) y 75-28-000001259-0 (NPL), y le impusiera el pago de una suma de $3,617,055.46, más intereses, por el incumplimiento con sus obligaciones contractuales.[3]

Luego de varias incidencias procesales, el 7 de enero de 2025, PRAPI presentó *Moción de Desestimación por Constituir Cosa Juzgada.*[4] Sostuvo que las alegaciones contenidas en la demanda habían sido adjudicadas en múltiples ocasiones por los foros judiciales.[5] Explicó que la controversia del caso tuvo su raíz en las reclamaciones de seguro instadas por PRAPI contra su aseguradora One Alliance tras el paso del Huracán María.[6] Arguyó que tenía asegurada una cartera de propiedades y préstamos hipotecarios con One Alliance, por lo que para manejar las reclamación de manera eficiente acordaron dividir el proceso de inspección y ajuste en tres fases, que denominaron el *1st, 2nd* y *3rd Claim Submission.*[7] Empero, manifestó que, luego surgieron una serie de incumplimientos que le obligaron a presentar demandas en las

---

[1] *Demanda enmendada*, SUMAC-TA, Apéndice del recurso, Entrada 3.
[2] *Íd.*, págs. 9-10.
[3] *Íd.*, pág. 11.
[4] *Moción de desestimación por constituir cosa juzgada*, SUMAC-TA, Apéndice del recurso, Entrada 25.
[5] *Íd.*, pág. 1.
[6] *Íd.*
[7] *Íd.*

diferentes regiones judiciales donde se encontraban las propiedades aseguradas.[8] Añadió que, en dichos pleitos, PRAPI trajo a colación las mismas alegaciones de fraude y los foros judiciales, consistente y reiteradamente, las rechazaron.[9] Así, concluyó que la demanda instada por One Alliance era frívola, pues las alegaciones que la sustentaban eran exactamente iguales a las presentadas en los demás casos y que fueron rechazadas de manera final y firme.[10]

En desacuerdo, el 24 de enero de 2025, One Alliance presentó su *Oposición a "Moción de Desestimación por Constituir Cosa Juzgada"*.[11] En su escrito, alegó que las determinaciones finales y firmes a las que hacía referencia PRAPI no trataban, y ni siquiera mencionaban, las conductas incluidas en la demanda.[12] Afirmó que presentar reclamaciones de seguro duplicadas configuraba una violación al Código de Seguros de Puerto Rico independiente de las determinaciones judiciales relacionadas a la procedencia del pago.[13] Afirmó que por tal razón el foro primario debía dirimir si las actuaciones de PRAPI constituían fraude según establecido en el Artículo 27.180 del Código de Seguros de Puerto Rico.[14]

Por su parte, el 11 de febrero de 2025, mediante *Réplica a Oposición a Moción de Desestimación por Constituir Cosa Juzgada*, PRAPI reiteró que One Alliance no estaba presentando una controversia nueva, sino intentando revivir argumentos que habían sido evaluados y rechazados por los tribunales.[15] Además, puntualizó que One Alliance, en su escrito en oposición, se limitó a defender únicamente la alegación de fraude relacionada a la

---

[8] *Íd.*, pág. 2.
[9] *Íd.*, pág. 6.
[10] *Íd.*, pág. 12.
[11] *Oposición a "Moción de desestimación por constituir cosa juzgada"*, SUMAC-TA, Apéndice del recurso, Entrada 27.
[12] *Íd.*, pág. 6.
[13] *Íd.*, pág. 7.
[14] *Íd.*, págs. 6-7.
[15] *Réplica a oposición a moción de desestimación por constituir cosa juzgada*, SUMAC-TA, Apéndice del recurso, Entrada 31.

supuesta doble reclamación, lo que constituía una renuncia tácita a las demás alegaciones formuladas en la demanda.[16]

Examinados los escritos presentados por las partes, el 7 de agosto de 2025, notificada al día siguiente, el TPI emitió una *Sentencia* en la que desestimó con perjuicio la causa de acción instada por One Alliance y le impuso la suma de $50,000 en concepto de honorarios de abogado.[17] Determinó que, conforme a la doctrina de cosa juzgada, las alegaciones contenidas en la demanda no constituían una controversia nueva, sino que meramente reproducían los planteamientos formulados por One Alliance en múltiples litigios anteriores.[18] En cuanto a la teoría de fraude relacionada a la alegada doble reclamación, el foro apelado determinó que esta fue presentada por One Alliance en al menos tres foros distintos y fue rechazada en cada uno de ellos.[19] Así, concluyó que dicho patrón evidenciaba que el pleito no constituía el ejercicio legítimo de una reclamación distinta, sino un intento de litigar nuevamente controversias resueltas de forma final y firme.[20]

En desacuerdo, el 25 de agosto de 2025, One Alliance presentó *Solicitud de Reconsideración.*[21] Por su parte, PRAPI replicó en su escrito intitulado *Oposición a Moción de Reconsideración y en Solicitud de Remedios.*[22] Así las cosas, la solicitud de reconsideración fue denegada por el foro primario mediante la *Resolución Interlocutoria* de 26 de agosto de 2025.[23]

Inconforme, el 25 de septiembre de 2025, One Alliance acudió ante nos mediante el presente recurso y planteó los siguientes señalamientos de error:

---

[16] *Íd.*, pág. 3.
[17] *Sentencia*, SUMAC-TA, Apéndice del recurso, Entrada 33.
[18] *Íd.*, pág. 10.
[19] *Íd.*, pág. 11.
[20] *Íd.*, pág. 12.
[21] *Solicitud de reconsideración*, SUMAC-TA, Apéndice del recurso, Entrada 34.
[22] *Oposición a moción de reconsideración y en solicitud de remedios*, SUMAC-TA, Apéndice del recurso, Entrada 35.
[23] *Resolución Interlocutoria*, SUMAC-TA, Apéndice del recurso, Entrada 36.

Primer error: Erró el Tribunal de Primera Instancia al concluir que procedía la desestimación de la demandada enmendada al amparo de la doctrina de cosa juzgada, a pesar de que no se cumplen los requisitos establecidos en nuestro ordenamiento jurídico para su aplicación.

Segundo error: Erró el Tribunal de Primera Instancia al desestimar con perjuicio la demanda enmendada, sin atender en sus méritos las alegaciones de fraude.

Tercer error: Erró el Tribunal de Primera Instancia al imponer temeridad, a pesar de que no se cumplen los requisitos establecidos en nuestro ordenamiento jurídico para su imposición, demostrando abuso de discreción, y proceder con pasión, perjuicio y parcialidad.

Cuarto error: Erró el Tribunal de Primera Instancia al imponer honorarios de abogado sin fundamentos jurídicos válidos, demostrando abuso de discreción, y proceder con pasión, perjuicio y parcialidad.

El 20 de noviembre de 2025, compareció PRAPI mediante *Alegato en Oposición a Apelación.* Analizadas las comparecencias de ambas partes, resolvemos.

**II.**

**A.**

El Artículo 1204 del derogado Código Civil de 1930 tipificaba la doctrina de cosa juzgada y exponía que la presunción de cosa juzgada solo tendría efecto si existía "la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron".[24] En la actualidad, el Código Civil de 2020, Ley Núm. 55-2020, no contiene una disposición que contenga los postulados de cosa juzgada. Sin embargo, dicha doctrina de enraizamiento romano se mantiene en nuestro ordenamiento.[25]

Respecto al requisito de *identidad entre las cosas*, la doctrina interpretativa de la norma reconoce que la misma alude a que se promueva un segundo pleito, cuya esencia versa sobre el mismo asunto del cual se dispuso en uno anterior, aunque las cosas se

---

[24] 31 LPRA ant. sec. 3343.

[25] *PR Wire Prod. v. C. Crespo & Asoc.*, 175 DPR 139 (2008); A manera ilustrativa véase el Artículo 1500 del Código Civil (ed. 2020), 31 LPRA sec. 10644. El mismo dispone que "[l]a transacción produce los efectos de la cosa juzgada".

hayan disminuido o alterado.[26] La *cosa* es el objeto o materia sobre la cual se ejercita la acción.[27] Siendo así, existe identidad de objeto cuando un juez, al hacer la determinación, se expone a contradecir el derecho afirmado en una decisión anterior.[28]

Por su parte, la *identidad de causas* existe cuando los hechos y los fundamentos de las peticiones son idénticos en lo que afecta a la cuestión planteada.[29] Para determinar si existe identidad de causas de acción hay que preguntarse si ambas reclamaciones se basan en la misma transacción o núcleo de hechos.[30]

Por último, sobre el requisito de la *identidad de las personas de los litigantes* y la *calidad con que lo fuero*n la norma ha sido enfática en que el mismo se cumple en cuanto a aquellos que intervienen en el proceso de que trate, a nombre y en interés propio. Lo anterior necesariamente implica que las partes involucradas en ambos procedimientos, cumplidos los requisitos de identidad entre las causas y las cosas, sean las mismas que resultarían directamente afectadas por la doctrina de la cosa juzgada.[31]

El tratadista Manresa define esta doctrina como "lo ya resuelto por fallo firme de un Juez o Tribunal competente, y lleva en sí la firmeza de su irrevocabilidad."[32] Por lo que, el efecto inexorable de la doctrina de cosa juzgada es que la sentencia decretada en un pleito anterior imposibilita que en un pleito posterior se litiguen entre las mismas partes y sobre la misma causa de acción, las

---

[26] *Presidential v. Transcaribe,* 186 DPR 263, 274 (2012).
[27] *Íd.*
[28] *Íd.*, pág. 275.
[29] *Íd.*, citando a *A & P Gen. Contractors v. Asoc. Caná,* 110 DPR 753 (1981).
[30] *Íd.*
[31] *Íd.,* pág. 276.
[32] *Íd.*, pág. 273; *SLG Szendrey-Ramos v. Consejo Titulares*, 184 DPR 133, 153 (2011), citando a J.M. Manresa, *Comentarios al Código Civil Español*, 6ta ed. rev., Madrid, Ed. Reus, 1967, T. VIII, Vol. 2, pág. 278.

cuestiones ya litigadas y adjudicadas, y aquellas que pudieron haber sido litigadas y adjudicadas con propiedad en la acción anterior.[33]

Así las cosas, la doctrina de cosa juzgada "persigue poner fin a los litigios luego de haber sido adjudicados de forma definitiva por los tribunales y, de este modo, garantizar la certidumbre y seguridad de los derechos declarados mediante una resolución judicial para evitar gastos adicionales al Estado y a los litigantes".[34] Ahora bien, la aplicación de la doctrina de cosa juzgada no procede de forma inflexible y automática cuando hacerlo derrotaría los fines de la justicia o consideraciones de orden público.[35]

De otra parte, nuestro ordenamiento jurídico reconoce la figura del impedimento colateral por sentencia como una modalidad de la doctrina de cosa juzgada.[36] La doctrina de impedimento colateral por sentencia opera cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y se determina mediante sentencia válida y final, y la determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas.[37]

En dicho contexto, la aplicación de esta doctrina impide que se litigue en un litigio posterior un hecho esencial que fue adjudicado mediante sentencia final en un litigio anterior.[38] A su vez, la doctrina de impedimento colateral por sentencia se distingue de la cosa juzgada en que para aplicar la primera no es necesario que se dé el requisito de identidad de causas necesario para la segunda, esto es, que la razón de pedir plasmada en la demanda sea

---

[33] *Méndez v. Fundación*, 165 DPR 253 (2005); *Banco De La Vivienda v. Carlo Ortiz,* 130 DPR 730, 739, citando a *Pagán Hernández v. UPR,* 107 DPR 720, 732-733 (1978).
[34] *Presidential v. Transcaribe*, supra, pág. 274; *Worldwide Food Dis., Inc. v. Colón et al.*, 133 DPR 827, 833-834 (1993).
[35] *Presidential v. Transcaribe*, supra, pág. 274.
[36] *Coop. Seg. Mult. v. ELA*, 180 DPR 655, 672-673 (2011); *PR Wire Prod. v. C. Crespo & Asoc.*, 175 DPR 139, 152 (2008); *Méndez v. Fundación*, 165 DPR 253, 268 (2005).
[37] *Coop. Seg. Múlt. v. ELA*, supra, págs. 672-673.
[38] *PR Wire Prod. v. C. Crespo & Asoc.,* supra.

la misma en ambos litigios.[39]  Así las cosas, no procedería la doctrina de impedimento colateral por sentencia, cuando la parte contra la cual se interpone no ha tenido la oportunidad de litigar previamente el asunto y no ha resultado ser la parte perdidosa en un litigio anterior.[40]

**B.**

La Regla 44.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1, establece lo referente a la concesión de costas y honorarios de abogado(a) a favor de una parte. Específicamente, la citada regla permite a los tribunales imponer el pago de una suma por concepto de honorarios de abogado a una parte que actúa con temeridad durante el proceso judicial.[41]  A esos efectos, el inciso (d) de la Regla 44.1 de Procedimiento Civil, *supra,* dispone:

> (d) En caso [de] que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta [...].

El Tribunal Supremo ha definido el concepto de temeridad como aquella conducta que hace necesario un pleito que se pudo evitar, que lo prolonga innecesariamente o que obliga que la otra parte incurra en gestiones evitables.[42] A su vez, ha dicho que es temeraria una parte que insiste contumazmente en sus alegaciones sin prueba fehaciente alguna que las sostenga, que niega los hechos que le constan o son de fácil corroboración y dilata los procedimientos judiciales para no responder por sus obligaciones.[43] En suma, la conducta temeraria es una actitud que se proyecta

---

[39] *Coop. Seg. Múlt. v. ELA*, supra, pág. 673; *Rodríguez Rodríguez v. Colberg Comas*, 131 DPR 212, 221 (1992).
[40] *Íd.*
[41] *SLG González Figueroa v. SLG et al.,* 209 DPR 138, 145 (2022).
[42] *Marrero Rosado v. Marrero Rosado*, 178 DPR 476, 504 (2010); *Colón Santos v. Coop. Seguros Múltiples de PR.,* 173 DPR 170, 188 (2008); *Blás v. Hospital Guadalupe*, 146 DPR 267, 335 (1998).
[43] *SLG González Figueroa v. SLG et al.*, supra, pág. 150.

sobre el procedimiento y afecta el buen funcionamiento y administración de la justicia.[44]

En fin, la penalidad de los honorarios de abogado que se impone por conducta temeraria tiene como propósito disuadir la litigación frívola y fomentar las transacciones mediante sanciones que compensen a la parte victoriosa los perjuicios económicos y las molestias producto de la temeridad de la otra parte.[45] También se ha indicado que el propósito de la imposición de honorarios por temeridad es penalizar a la parte que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconvenientes de un pleito.[46]

Ahora bien, la determinación de temeridad es un asunto discrecional de los tribunales de primera instancia y los tribunales apelativos solo pueden intervenir cuando aquellos se exceden en el ejercicio de su discreción.[47] El requisito de la existencia de una actuación temeraria hace que la Regla 44.1 de Procedimiento Civil, *supra*, tenga el propósito de penalizar o sancionar a la parte que incurre en la conducta proscrita por dicha regla.[48] De forma que, en nuestro rol apelativo, no intervendremos con la determinación sobre temeridad, a menos que sea excesiva, exigua o constituya un abuso de discreción.[49]

### III.

Por su estrecha relación, discutiremos en conjunto los primeros dos errores señalados por la parte apelante. En específico, arguye que erró el foro primario al concluir que procedía la

---

[44] *Jarra Corp. v. Axxis Corp.*, 155 DPR 764, 779 (2011).
[45] *Marrero Rosado v. Marrero Rosado*, supra, pág. 505; *Montañez v. UPR*, 156 DPR 395, 425 (2002).
[46] *Torres Vélez v. Soto Hernández*, 189 DPR 972, 993 (2013); *COPR v. SPU*, 181 DPR 299, 342 (2011).
[47] *SLG González Figueroa v. SLG et al.,* supra, pág. 150.
[48] *Íd.*
[49] *Jarra Corp. v. Axxis Corp.*, supra; *Ramírez Anglada v. Club Cala de Palma*, 123 DPR 339, 350 (1989) y casos allí citados.

desestimación de la demanda enmendada al amparo de la doctrina de cosa juzgada, a pesar de que no se cumplían los requisitos establecidos en nuestro ordenamiento para su aplicación, y al no atender los méritos de su alegación. Acepta que existieron casos judiciales en los que se atendieron controversias relacionadas a los contratos de seguro suscritos entre las partes, pero afirma que en ninguno de ellos se adjudicaron sus alegaciones sobre la comisión de fraude por parte de PRAPI —en específico, la ocultación de información, la falsa representación mediante prácticas engañosas y la doble reclamación al seguro—, por lo que concluye que no aplica la mencionada figura. *No le asiste la razón.*

Surge del expediente ante nuestra consideración que, la controversia de autos tuvo su génesis en una serie de pleitos incoados por PRAPI en contra de One Alliance sobre reclamaciones de seguros luego del paso del Huracán María. Dichos pleitos a su vez surgieron luego de que el foro primario ordenara fragmentar la causa de acción instada originalmente en la Sala de San Juan, en trece (13) casos independientes según las regiones judiciales donde radicaban las propiedades aseguradas.[50] No obstante, a pesar del fraccionamiento del pleito, los planteamientos de hechos y de derecho que formaron parte de las demandas presentadas fueron similares. Cónsono con lo anterior, las partes presentaron escritos idénticos en todos los tribunales. Así, One Alliance instó reconvenciones y mociones de sentencia sumaria dirigidas a probar sus alegaciones de fraude, mientras que PRAPI, por su parte, presentó petitorios sumarios solicitando, *inter alia,* que el tribunal ordenara los pagos correspondientes. Ante ello, en cada región judicial los procesos fueron manejados de forma distinta.

---

[50] Véase, expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) en el caso SJ2019CV09195, Entrada 10.

Para una mejor comprensión del asunto ante nuestra consideración, entendemos resulta meritorio realizar un pequeño resumen sobre cómo fueron atendidas las alegaciones de fraude de One Alliance en las distintas salas del tribunal de instancia y este foro intermedio:

1. **Sentencia del Tribunal de Caguas en el caso SJ2019CV10729 (atendido por el Tribunal de Apelaciones en el caso KLCE202201139):** Ante la presentación de una solicitud de sentencia sumaria por parte de PRAPI, el tribunal de instancia determinó que existían controversias que requerían la celebración de un juicio. Sin embargo, el foro intermedio revocó dicha resolución al razonar que el momento adecuado para presentar cualquier reclamación sobre el ajuste fue cuando se realizó la investigación y no posteriormente. A su vez, sostuvo que One Alliance no demostró que existieran circunstancias extraordinarias imposibles de descubrir al momento de emitir el ajuste. Dicha sentencia advino final y firme.[51]

2. **Sentencia del Tribunal de Fajardo en el caso SJ2019CV10753 (atendido por el Tribunal de Apelaciones en el caso KLCE202201212):** El foro primario denegó conceder el petitorio sumario de PRAPI debido a que entendió existían controversias de hechos que impedían la resolución sumaria del caso conforme fue planteado por One Alliance en su respectiva oposición. No obstante, el foro apelativo revocó dicha determinación amparado en que One Alliance debió ser diligente al momento de realizar la investigación de la reclamación y el ajuste. Añadió además que una mera alegación de fraude no era suficiente para evadir su obligación de emitir el pago. Dicha sentencia advino final y firme.[52]

3. **Sentencia del Tribunal de Aguadilla en el caso SJ2019CV10725 (atendido por el Tribunal de Apelaciones en el caso KLAN202300485):** Luego de la celebración del juicio, el foro primario determinó que la prueba desfilada no sustentaba las alegaciones de fraude. Precisó además que One Alliance emitió una oferta final, por lo que ello implicaba que tuvo la oportunidad de inspeccionar y ajustar las propiedades, siendo ese el momento oportuno para levantar cualquier objeción. Así, el TPI declaró *No Ha Lugar* la reconvención instada por One Alliance. De otra parte, si bien la parte perdidosa apeló dicho dictamen, este foro intermedio concluyó que la decisión pronunciada por otro panel en el caso proveniente de Caguas incidió directamente sobre el asunto ante su consideración, constituyendo cosa juzgada. Dicha sentencia advino final y firme.[53]

---

[51] Véase, expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) en el caso SJ2019CV10729, Entrada 161.

[52] Véase, expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) en el caso SJ2019CV10753, Entrada 116.

[53] Véase, expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) en el caso SJ2019CV10725, Entrada 208.

4. **Sentencia del Tribunal de Utuado en el caso SJ2019CV10808 (atendido por el Tribunal de Apelaciones en el caso KLAN202300636):** El tribunal de instancia concedió el petitorio sumario de PRAPI. Expuso además que las alegaciones de fraude de One Alliance estaban predicadas en hechos que pudieron haber sido de fácil corroboración previo a emitir el ajuste. También, llamó a la atención el hecho de que One Alliance no hizo constar que cumplió con la obligación que le impone el Código de Seguros de someter la información que tuviera disponible sobre las alegadas prácticas fraudulentas de PRAPI tan pronto tuvo motivos fundados de que se cometió fraude. El tribunal apelativo por su parte confirmó el dictamen de instancia fundamentado en que la cantidad ofrecida por One Alliance constituía una deuda líquida, vencida y exigible. Puntualizó que el momento oportuno para presentar cualquier planteamiento de fraude era cuando se realizó la investigación de la reclamación y el ajuste, no posteriormente. Además estuvo de acuerdo con el foro primario en cuanto a que las alegaciones de fraude no fueron fundamentadas ni avaladas con prueba durante el proceso judicial. Dicha sentencia advino final y firme.[54]

5. **Sentencia del Tribunal de Ponce en el caso SJ2019CV10806 (atendido por el Tribunal de Apelaciones en el caso KLAN202300653):** El foro primario concedió la *moción de sentencia sumaria* presentada por PRAPI fundamentado en que One Alliance realizó el ajuste y ofreció pagar, por lo que dicha cantidad constituyó una deuda líquida, vencida y exigible. A su vez, concluyó que la aseguradora debió realizar una investigación diligente sobre la reclamación y que las meras alegaciones de fraude no son suficientes para evadir la obligación de emitir el pago. De acuerdo con dicha determinación, el foro apelativo confirmó el dictamen y puntualizó que One Alliance no pudo probar la existencia de fraude. Dicha sentencia advino final y firme.[55]

6. **Sentencia del Tribunal de Aibonito en el caso SJ2019CV10751 (atendido por el Tribunal de Apelaciones en el caso KLAN202400219):** Luego de varias incidencias procesales, incluida la presentación de las respectivas solicitudes de sentencia sumaria de las partes, el foro primario concluyó que las sentencias dictadas por el TPI en Caguas y Fajardo surtían efecto de cosa juzgada sobre el asunto. También, puntualizó que One Alliance no demostró la existencia del alegado fraude por parte de PRAPI. Así, este foro intermedio confirmó que las sentencias provenientes de las antedichas regiones judiciales pusieron fin a las controversias de fraude, por lo que One Alliance venía obligado a cumplir. Dicha sentencia advino final y firme.[56]

---

[54] Véase, expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) en el caso SJ2019CV10808, Entrada 187.

[55] Véase, expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) en el caso SJ2019CV10806, Entrada 150.

[56] Véase, expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) en el caso SJ2019CV10751, Entrada 148.

7. **Sentencia del Tribunal de Humacao en el caso SJ2019CV10752 (atendido por el Tribunal de Apelaciones en el caso KLCE202400221):** Ambas partes presentaron sus respectivas mociones de sentencia sumaria pero el tribunal de instancia emitió *Resolución* denegando conceder las mismas por entender que existían controversias sobre hechos materiales. En cambio, este foro intermedio, tras atender la controversia ante su consideración y aplicar la doctrina de impedimento colateral por sentencia, revocó dicho dictamen. Concluyó que no era correcto emitir una sentencia incompatible por lo resuelto en el caso de Caguas. Además, pronunció que One Alliance no presentó hechos concretos junto a evidencia admisible que le permitieran sustentar sus alegaciones de fraude y derrotar el petitorio sumario de PRAPI. Dicha sentencia advino final y firme.[57]

8. **Sentencia del Tribunal de Guayama en el caso SJ2019CV10740 (atendido por el Tribunal de Apelaciones en el caso KLAN202401050):** Luego de que ambas partes presentaran sus respectivos petitorios sumarios, el foro primario concluyó que las sentencias emitidas en los casos de Caguas y Fajardo tuvieron efecto de cosa juzgada sobre el asunto ante su consideración. Consecuentemente, solo concedió la solicitud de sentencia sumaria presentada por PRAPI. De otra parte, puntualizó que, independientemente de los defectos procesales y sustantivos de su escrito, One Alliance no logró demostrar la existencia del alegado fraude. El Tribunal de Apelaciones estuvo conforme con la decisión del foro inferior y reiteró que aplicaba la doctrina de cosa juzgada. Dicha sentencia advino final y firme.[58]

9. **Sentencia del Tribunal de Arecibo en el caso SJ2019CV10739 (atendido por el Tribunal de Apelaciones en el caso KLAN202400862):** El tribunal de instancia declaró *Ha Lugar* la moción de sentencia sumaria incoada por PRAPI fundamentado en la aplicabilidad de la doctrina de cosa juzgada, conforme a la determinación alcanzada por este foro intermedio en el caso proveniente de Caguas. Por su parte, el panel de este foro intermedio asignado a revisar la referida sentencia acordó confirmar el dictamen recurrido. Dicha sentencia advino final y firme.[59]

10. **Sentencia del Tribunal de Carolina en el caso SJ2019CV10747 (atendido por el Tribunal de Apelaciones en el caso KLAN202400822):** Luego de que ambas partes presentaran solicitudes de sentencia sumaria, el foro primario declaró *Ha Lugar* la de PRAPI y denegó la que fue presentada por One Alliance. Puntualizó que las sentencias emitidas en los casos provenientes de las salas de Caguas y Fajardo incidieron sobre los errores que le fueran señalados.

---

[57] Véase, expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) en el caso SJ2019CV10752, Entrada 268.

[58] Véase, expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) en el caso SJ2019CV10740, Entrada 162.

[59] Véase, expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) en el caso SJ2019CV10739, Entrada 319.

Así, aplicó la doctrina de cosa juzgada y confirmó el dictamen apelado. Dicha sentencia advino final y firme.[60]

11. **Sentencia del Tribunal de San Juan en el caso SJ2019CV09195 (atendido por el Tribunal de Apelaciones en el caso KLAN202300376):** Luego de la celebración del juicio, el foro primario concedió la moción de desestimación por insuficiencia de la prueba presentada por One Alliance y, consecuentemente, declaró *No Ha Lugar* a la demanda instada por PRAPI. Sin embargo, este foro intermedio razonó que la determinación proveniente del caso de Caguas incidió sobre la controversia y, por ello, revocó la decisión de instancia invocando la doctrina de cosa juzgada.[61]

12. **Sentencia del Tribunal de Bayamón en el caso SJ2019CV10743 (atendido por el Tribunal de Apelaciones en el caso TA2025AP00243):** El foro apelado concedió la solicitud de sentencia sumaria presentada por PRAPI y, a su vez, denegó la de One Alliance. Sobre sus razones para no concederla expuso que dicha parte estaba vedada, como cuestión de derecho por operación de la doctrina de cosa juzgada, a levantar planteamientos de fraude. Además, afirmó que independientemente de ello, One Alliance tampoco logró demostrar que existió fraude. El Tribunal de Apelaciones coligió confirmar dicho dictamen.[62]

13. **Sentencia del Tribunal de Mayagüez en el caso SJ2019CV10746:** El foro de instancia denegó el petitorio sumario de One Alliance y emitió sentencia parcial acogiendo el que fue presentado por PRAPI. En esta, expresó que las alegaciones de fraude de One Alliance no fueron realizadas oportunamente. Fundamentó su conclusión en que One Alliance era una empresa con pericia en el negocio de los seguros, por lo que debió haber sabido que tenía la obligación de llevar a cabo una investigación diligente de la reclamación antes de realizar la oferta. Concluyó que meras alegaciones de fraude no son suficientes para librarse de su obligación. Cabe señalar que dicha determinación se encuentra en el proceso de reconsideración.[63]

Conforme a la normativa antes expuesta, para aplicar la doctrina de cosa juzgada nuestro Más Alto Foro ha expresado que se tienen que cumplir los siguientes criterios: (1) una primera sentencia válida, que advino final y firme, que adjudicó los hechos y que resolvió la controversia en los méritos; (2) las partes en ambos

---

[60] Véase, expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) en el caso SJ2019CV10747, Entrada 244.

[61] Véase, expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) en el caso SJ2019CV09195, Entrada 232.

[62] Véase, expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) en el caso SJ2019CV10743, Entrada 253.

[63] Véase, expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) en el caso SJ2019CV10746, Entrada 152.

juicios deben ser las mismas; (3) igual controversia en cada litigio; (4) que el remedio que se solicita sea análogo al que se pidió en el caso previo y; (5) que las partes en ambos casos comparezcan en la misma calidad.[64]

Luego de evaluar los pleitos presentados previamente por PRAPI contra One Alliance no nos cabe duda de que opera la doctrina de cosa juzgada pues concurren todos los requisitos de esta figura jurídica. Es decir, entre dichos pleitos y el que hoy nos ocupa existe la más perfecta identidad entre las cosas, las causas, las partes litigantes y la calidad con que lo fueron. Como vimos, tanto los casos que fueron fraccionados por orden de la Sala de San Juan como el de autos versan sobre el mismo núcleo de hechos, las reclamaciones de seguros instadas luego del paso del huracán María. En estos, One Alliance tuvo además la oportunidad de presentar sus respectivas reconvenciones reclamándole a PRAPI haber incurrido en fraude al presentar reclamaciones infladas, asegurar propiedades en las que no tenía interés asegurable, entre otras, y la controversia fue resuelta mediante sentencias que advinieron finales y firmes. En suma, la parte apelante en todos los pleitos esbozó los mismos hechos, efectuó las mismas imputaciones de fraude y realizó las mismas solicitudes.

Por lo que, en vista de que los hechos esenciales de la causa de acción ante nuestra consideración ya fueron ventilados y adjudicados en los pleitos anteriores mediante sentencias finales y firmes, el TPI actuó correctamente al desestimar la demanda instada en el presente pleito bajo la doctrina de cosa juzgada. No se cometieron los primeros dos errores señalados.

De otra parte, en su tercer y cuarto señalamiento de error, la parte apelante sostiene que erró el foro primario al imponer

---

[64] *Figueroa Santiago et als. v. ELA*, 207 DPR 923, 933 (2021).

temeridad y honorarios de abogado, a pesar de que no se cumplieron los requisitos establecidos en nuestro ordenamiento jurídico para su imposición. Argumenta que defender su posición con fundamentos en derecho y con prueba, no le hace ser temerario, pues solo pretendía ejercer su derecho a representarse adecuadamente ante el enriquecimiento injusto de PRAPI. Manifiesta además que la imposición de la suma de $50,000.00 en concepto de honorarios de abogado resulta excesiva y un claro abuso del derecho.

El TPI concluyó que One Alliance fue temerario al reproducir, en múltiples ocasiones y por distintos medios procesales, los mismos planteamientos que ya habían sido adjudicados de forma final y firme. A su vez, tomó conocimiento judicial en cuanto a que en varios de los casos relacionados el tribunal le impuso sanciones económicas a One Alliance por conducta temeraria. Ello pues sus actuaciones tuvieron el efecto de multiplicar los procedimientos, dilatar la ejecución de las sentencias y gravar innecesariamente los recursos de las partes y del foro judicial.

Según reiterado, las decisiones del TPI acerca de si una parte se condujo o no de forma temeraria son de naturaleza discrecional. Por ello, nuestra intervención se sujeta únicamente a las instancias en que el foro sentenciador haya abusado de su discreción. Un análisis del expediente ante nuestra consideración refleja que las actuaciones de la parte apelante ocasionaron gastos y molestias irrazonables a PRAPI al verse obligado a continuar litigando sobre un asunto que había sido adjudicado en múltiples pleitos anteriores.

Así pues, luego de un análisis ponderado del caso, concluimos que el TPI actuó correctamente al concluir que One Alliance fue temerario. Por tanto, en ausencia de indicios de arbitrariedad o abuso de discreción por parte del TPI, estamos impedidos de intervenir con la determinación de temeridad y la cuantía impuesta

por dicho concepto a One Alliance. No se cometieron los errores señalados.

**IV.**

Por los fundamentos antes esbozados, se *confirma* la *Sentencia* emitida el 7 de agosto de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan. Procede la desestimación de la demanda incoada por One Alliance y la imposición de honorarios de abogado por temeridad.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones