ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| ALEX CARRASQUILLO VILLANUEVA<br><br>Apelante<br><br>v.<br><br>LUZ VILLANUEVA DÍAZ Y OTROS<br><br>Apelados | TA2026AP00269 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2025CV02669<br><br>Sobre: Daños y Perjuicios; Difamación; Interferencia Torticera |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de abril de 2026.

Comparece Alex Carrasquillo Villanueva ("señor Carrasquillo Villanueva" o "Apelante") mediante *Apelación* y nos solicita que revoquemos una *Sentencia* emitida el 16 de diciembre de 2025, notificada el día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Carolina ("TPI"). En virtud del aludido dictamen, el TPI desestimó con perjuicio la causa de acción instada por el apelante, por constituir cosa juzgada, en su modalidad de impedimento colateral por sentencia.

Por los fundamentos que proceden, se *confirma* la *Sentencia* apelada.

**I.**

El 19 de agosto de 2025, el señor Carrasquillo Villanueva presentó una *Demanda* sobre daños y perjuicios, interferencia torticera y difamación en contra de las corporaciones, Premium Professional Health Group, P.S.C. y Premium MSC, Inc. ("Premium" o "Corporaciones"), y su presidenta, Luz Villanueva Díaz ("señora Villanueva Díaz") (en conjunto, "Apelados"). Señaló que es accionista de las corporaciones y que, en septiembre de 2022, fue suspendido de su empleo como Vicepresidente de Operaciones y Director de Tecnología. En síntesis, alegó que, la suspensión de empleo desató una serie de sucesos entre la señora

Villanueva Díaz y su hija, Ivelisse Hernández Villanueva, quien no fue incluida como parte demandada, los cuales le ocasionaron daños. Particularmente, sostuvo que fue víctima de una conducta constitutiva de hostigamiento laboral. Expuso que, consecuentemente, en noviembre de 2022, fue coaccionado a firmar un Acuerdo Confidencial y Relevo General, el cual tuvo el efecto de culminar sus labores en las corporaciones. A raíz de lo anterior, manifestó que fue expuesto a la burla y al escrutinio público, lo cual le produjo pérdidas económicas y de oportunidades de negocio. A su vez, adujo que la señora Villanueva Díaz le comunicó a varios clientes que el señor Carrasquillo Villanueva le robó a las corporaciones y, como corolario, les incitó a cesar sus actividades de negocio con este último. Ante ello, solicitó lo siguiente: (1) $500,000.00, por concepto de daños y perjuicios, en general; (2) $350,000.00, por difamación y libelo; (3) $150,000.00, por negligencia; (4) $350,000.00, por angustias y sufrimientos mentales; y (5) $150,000.00, por interferencia torticera.

Tras varias instancias, el 3 y el 17 de octubre de 2025, la señora Villanueva Díaz y las corporaciones presentaron, respectivamente, unas solicitudes de desestimación, al amparo de la Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V., R. 10.2 (5). Arguyeron que las alegaciones no cumplieron con el estándar de plausibilidad, razón por la cual, aun tomándolas como ciertas, no justificaban la concesión de un remedio. Asimismo, en lo aquí pertinente, sostuvieron que la *Demanda* constituía cosa juzgada, en su modalidad de impedimento colateral por sentencia, ya que las mismas controversias fueron resueltas en el caso SJ2024CV07126. De manera particular, expusieron que los hechos medulares, a saber, las supuestas expresiones y conductas dañinas de la señora Villanueva Díaz hacia el señor Carrasquillo Villanueva, ya fueron adjudicadas en sus méritos. Por todo lo cual, peticionaron la desestimación de las reclamaciones instadas en su contra, así como la concesión de costas, gastos y honorarios de abogado por temeridad.

El 7 de noviembre de 2025, el apelante radicó su *Moción en Oposición a Solicitudes de Desestimación*. Adujo que las alegaciones cumplieron con los requisitos consagrados por la normativa procesal y que, de evidenciarse,

ameritarían la concesión de un remedio. Por otra parte, arguyó que la sentencia emitida en el caso SJ2024CV07126 no constituía cosa juzgada. Razonó que la causa de acción fue desestimada en virtud de la Regla 10.2 (5) de Procedimiento Civil, *supra*, y, por tanto, no implicaba una adjudicación en sus méritos.

Aquilatados los argumentos de las partes, el 16 de diciembre de 2025, notificada el día siguiente, el TPI dictaminó una *Sentencia*. El foro de instancia concluyó que, ante la determinación final y firme emitida en el caso SJ2024CV07126, la reclamación instada por el señor Carrasquillo Villanueva se encontraba impedida por la doctrina de cosa juzgada, en su modalidad de impedimento colateral por sentencia. Al respecto, precisó que la desestimación al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra*, es un mecanismo que requiere un examen sustantivo de la suficiencia de las alegaciones. Por ende, dispuso que la sentencia dictada resolvió en los méritos la controversia planteada. Además, particularizó que la demanda actual era, en esencia, una repetición del pleito previamente desestimado. Como corolario, desestimó con perjuicio la demanda presentada por el señor Carrasquillo Villanueva, por estar impedida por la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia, así como por dejar de exponer una reclamación que justifique la concesión de un remedio.

A su vez, determinó que la conducta del apelante, al presentar en una nueva sala, bajo un nuevo número de caso, una controversia ya resuelta, incluso en la que ya le habían impuesto honorarios por temeridad, constituyó una conducta temeraria. Por todo lo cual, le impuso al apelante el pago de $2,000.00, por concepto de honorarios por temeridad.

Inconforme, el 7 de enero de 2026, el señor Carrasquillo Villanueva presentó una *Solicitud de Reconsideración de Sentencia*, la cual fue denegada mediante *Orden* notificada el 12 de febrero de 2026. Insatisfecho aún, el 13 de marzo de 2026, acudió ante nos mediante *Apelación* en la cual realizó los siguientes señalamientos de error:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR CON PERJUICIO LA DEMANDA PRESENTADA POR EL APELANTE AL AMPARO DE LA DOCTRINA DE COSA JUZGADA,**

**A PESAR DE QUE LAS RECLAMACIONES PRESENTADAS EN EL CASO DE AUTOS NO SATISFACEN LOS REQUISITOS DE IDENTIDAD DE COSA, CAUSA Y PARTES NECESARIOS PARA LA APLICACIÓN DE DICHA DOCTRINA.**

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL APLICAR LA DOCTRINA DE IMPEDIMENTO COLATERAL POR SENTENCIA PARA IMPEDIR LA ADJUDICACIÓN DE LAS RECLAMACIONES PRESENTADAS EN LA DEMANDA, CUANDO LOS HECHOS Y CONTROVERSIAS JURÍDICAS PLANTEADAS EN EL PRESENTE CASO NO FUERON ADJUDICADAS EN SUS MÉRITOS EN LOS PROCEDIMIENTOS ANTERIORES.**

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCEDER UNA MOCIÓN DE DESESTIMACIÓN AL AMPARO DE LA REGLA 10.2 DE PROCEDIMIENTO CIVIL, SIN ACEPTAR COMO CIERTAS LAS ALEGACIONES BIEN FUNDADAS DE LA DEMANDA Y RESOLVIENDO CONTROVERSIAS DE HECHO EN UNA ETAPA PROCESAL EN LA QUE CORRESPONDÍA PERMITIR LA CONTINUACIÓN DE LOS PROCEDIMIENTOS.**

**ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL IMPONER HONORARIOS DE ABOGADO POR TEMERIDAD AL APELANTE, SIN QUE SURGIERA DEL EXPEDIENTE EVIDENCIA DE CONDUCTA OBSTINADA, FRÍVOLA O TEMERARIA QUE JUSTIFICARA LA IMPOSICIÓN DE DICHA SANCIÓN.**

El 10 de abril de 2026, la parte apelada presentó su *Oposición a Apelación*. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

## II.

### -A-

Para que se configure la defensa de cosa juzgada se tiene que cumplir con los requisitos siguientes: (1) una primera sentencia válida, la cual advino final y firme que adjudicó los hechos y resolvió la controversia en los méritos; (2) las partes en ambos juicios deben ser las mismas; (3) era la misma controversia objeto en cada juicio; (4) que el remedio que se solicita sea análogo al que se pidió en el caso anterior; y, por último, (5) que las partes en ambos litigios comparezcan en la misma calidad. *Beniquez et al v. Vargas et al.*, 184 DPR 210, 221-225 (2012).

El ilustre tratadista español Manresa define la doctrina de cosa juzgada como "lo ya resuelto por fallo firme de un Juez o Tribunal competente, y lleva en sí la firmeza de su irrevocabilidad." J.M. Manresa, *Comentarios al Código Civil Español*, Ed. Reus, T. VIII, Vol. II, 6ta Ed., Madrid, España, 1967, pág. 278. El

efecto inexorable de la doctrina de cosa juzgada es que la sentencia decretada en un pleito anterior impide que en un pleito posterior se litiguen entre las mismas partes y sobre la misma causa de acción y cosas, las cuestiones ya litigadas y adjudicadas, y aquellas que pudieron haber sido litigadas y adjudicadas con propiedad en la acción previa. *Méndez v. Fundación,* 165 DPR 253, 267 (2005); *Pagán Hernández v. U.P.R.,* 107 DPR 720, 732-733 (1978); *Mercado Riera v. Mercado Riera,* 100 DPR 940, 950 (1972).

En aras de que el litigante pueda invocar exitosamente la defensa de cosa juzgada, es preciso que entre el caso resuelto por la sentencia y en el caso que se invoca la misma, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron. *Méndez v. Fundación, supra,* pág. 267. No obstante, en ciertas ocasiones se ha declinado la aplicación de la defensa de cosa juzgada, aun cuando concurren los mencionados requisitos, para evitar una injusticia o cuando se plantean consideraciones de interés público. *Parrilla v. Rodríguez,* 169 DPR 263, 269 (2004). Ahora bien, no se favorece la aplicación liberal de excepciones a la doctrina de cosa juzgada puesto que se puede afectar la finalidad de las controversias adjudicadas, y por ende el buen funcionamiento del sistema judicial. *Íd.,* pág. 271.

Por otra parte, se reconoce en nuestro acervo jurídico la figura del impedimento colateral por sentencia como una modalidad de la doctrina de cosa juzgada. *P.R. Wire Prod. v. C. Crespo & Assoc.,* 175 DPR 139, 152 (2008). El impedimento colateral por sentencia "surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y se determina mediante sentencia válida y final, [y] tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas." *A & P Gen. Contractors v. Asoc. Caná,* 110 DPR 753, 762 (1981). Es decir, **el impedimento colateral por sentencia impide que se litigue en un litigio posterior un hecho esencial que fue adjudicado mediante sentencia final en un litigio anterior**. *P.R. Wire Prod. v. C. Crespo & Assoc., supra,* pág. 151.

A diferencia de la doctrina de cosa juzgada, la aplicación de la figura de impedimento colateral por sentencia no exige la identidad de causas, esto es, que la razón de pedir plasmada en la demanda sea la misma en ambos litigios. *Rodríguez Rodríguez v. Colberg Comas*, 131 DPR 212, 219 (1989). Sobre la identidad de causas, el Tribunal Supremo ha señalado que, en el contexto particular de la doctrina de cosa juzgada y de impedimento colateral por sentencia, tal requisito significa el fundamento capital, es decir, el origen de las acciones o excepciones planteadas y resueltas. *A & P Gen. Contractors v. Asoc. Caná, supra,* pág. 765

Al igual que la doctrina de cosa juzgada, el propósito de la figura del impedimento colateral por sentencia es promover la economía procesal y judicial y amparar a los ciudadanos del acoso que necesariamente conlleva litigar en más de una ocasión hechos ya adjudicados. *P.R. Wire Prod. v. C. Crespo & Assoc.*, *supra*, págs. 152-153. No procede la interposición de la doctrina de impedimento colateral por sentencia -ya sea en su vertiente ofensiva o defensiva- cuando la parte contra la cual se interpone (1) no ha tenido la oportunidad de litigar previamente el asunto y (2) no ha resultado ser la parte perdidosa en un litigio anterior. *Íd.*, pág. 153.

**-B-**

La Regla 44.1 (d) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1 (d), regula lo concerniente a la imposición de honorarios de abogado. De manera particular, la aludida regla, establece lo siguiente:

> En caso de que cualquier parte o su abogado o abogada **haya procedido con temeridad o frivolidad**, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. [...]

(Énfasis suplido)

Nuestra más alta Curia ha definido la temeridad como "una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y administración de la justicia". *Fernández v. San Juan Cement Co. Inc.,* 118 DPR 713, 718 (1987). Se entiende que un litigante actúa con temeridad cuando "por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista

de fundamentos, obliga a la otra parte, innecesariamente a asumir las molestias, gastos, trabajo e inconveniencias de un pleito". *Andamios de P.R. v. Newport Bonding*, 179 DPR 503, 520 (2010).

El requisito de la existencia de una actuación temeraria hace que la Regla 44.1 de Procedimiento Civil, *supra*, tenga el propósito de penalizar o sancionar a la parte que incurre en la conducta proscrita por dicha regla. *Íd.* No obstante, el Tribunal Supremo ha relevado del pago de honorarios de abogado a litigantes que pierden un pleito donde hubo controversias fácticas reales que requerían el examen de la prueba testifical y documental. *Santos Bermúdez v. Texaco P.R., Inc.,* 123 DPR 351, 357-358 (1989).

La evaluación de si ha mediado o no temeridad recae sobre la discreción sana del tribunal sentenciador y solo se intervendrá con ella en casos en que ese foro haya abusado de tal facultad. *S.L.G. Flores–Jiménez v. Colberg*, 173 DPR 843, 866 (2008). Los tribunales apelativos no deben intervenir con el ejercicio de esa discreción, salvo que se demuestre que hubo un craso abuso de discreción; que el foro recurrido actuó con prejuicio o parcialidad; que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, o cuando la cuantía impuesta sea excesiva. *P.R. Oil v. Dayco*, 164 DPR 486, 511 (2005).

### III.

En el recurso que nos ocupa, el apelante señala que el foro de instancia erró al desestimar el caso de autos e imponerle el pago de honorarios de abogado por temeridad. De manera particular, arguye que no se configuraron los requisitos necesarios para aplicar la doctrina de cosa juzgada, en su modalidad de impedimento colateral por sentencia. Asimismo, sostiene que tampoco procedía la desestimación en virtud de la Regla 10.2 (5) de Procedimiento Civil, *supra*. No le asiste la razón. Veamos.

Según hemos reseñado, para que sea aplicable la doctrina de cosa juzgada serán necesarios los siguientes requisitos: (1) la existencia de una sentencia final y firme; (2) identidad de partes; (3) una misma controversia; y (4) que los remedios solicitados sean análogos. No obstante, contrario a la doctrina de cosa

juzgada, la figura de impedimento colateral por sentencia no exige la identidad de causas. Es decir, lo fundamental será analizar si lo reclamado surge al amparo de un mismo hecho esencial. *Véase, Rodríguez Rodríguez v. Colberg Comas, supra*, pág. 219.

Ahora bien, ciertamente, no existe controversia respecto al hecho de que existe una sentencia final y firme emitida en el caso SJ2024CV07126, el cual versaba sobre las mismas causas de acción e incluía a las mismas partes de epígrafe, con la única excepción de la señora Ivelisse Hernández Carrasquillo. Asimismo, luego de una lectura sosegada de las alegaciones formuladas en ambos casos, constatamos que se originaron como consecuencia de los daños presuntamente ocasionados tras la suspensión y posterior cesión de labores del señor Carrasquillo Villanueva en las corporaciones. En otras palabras, las reclamaciones presentadas en el caso de autos, así como en el caso SJ2024CV07126, surgen como resultado de un mismo suceso.

Por tanto, a pesar de que mediante la presente demanda, en un aparente intento de cumplir con el estándar de plausibilidad y evitar una segunda desestimación, el apelante amplió las alegaciones previamente formuladas, ello no las convirtió en una reclamación distinta. Peor aún, las causas de acción, así como lo reclamado en ambas demandas, resultan ser una copia exacta. Ante ello, concordamos con el criterio del foro de instancia, a los efectos de que procedía la aplicación de la doctrina de cosa juzgada, en su modalidad de impedimento colateral por sentencia.

No obstante, aun tomando como ciertas las alegaciones de la demanda, las mismas resultaban insuficientes para conceder un remedio. Tras un examen sosegado de la *Demanda*, nos percatamos de que no surgen alegaciones específicas en cuanto a los daños presuntamente ocasionados por la parte apelada. El apelante se limitó a exponer, de manera general, que sufrió daños como consecuencia de las acciones de la señora Villanueva Díaz, en su carácter personal y como presidenta de las corporaciones. De manera tal que no formuló alegaciones relacionadas al nexo causal entre los presuntos daños y los alegados actos, requisito esencial para la concesión de los remedios peticionados.

En cuanto a la imposición de los honorarios de abogado por temeridad, se desprende del expediente que el señor Carrasquillo Villanueva, a sabiendas, presentó una demanda fundamentada en alegaciones que ya habían sido adjudicadas en el caso SJ2024CV07126. De manera tal que obligó a los recurridos a continuar litigando un asunto previamente resuelto por el Tribunal. Debido a este cuadro fáctico, nos encontramos ante un claro escenario en el cual se actuó temerariamente. Por tanto, la determinación del foro de instancia, a los efectos de concluir que el señor Carrasquillo Villanueva incurrió en temeridad, merece nuestra deferencia.

## IV.

Por los fundamentos que anteceden, los cuales hacemos constar en esta *Sentencia,* se *confirma* la determinación apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones